ALPHONSO S. GODFREY V. JOHN R. MEGAHAN ET UX.

FILED JANUARY 4, 1894.   No. 5630.

1. **Married Women**: CONTRACTS. The disability of a married woman to make a valid contract remains the same as at common law, except in so far as such disability has been removed by our statutes.

2. ———: ———: SEPARATE ESTATE. The statute has removed the common law disability of a married woman to make contracts only in cases where the contract made has reference to her separate property, trade, or business, or was made upon the faith and credit thereof, and with intent on her part to thereby bind her separate property.

3. ———: ———: QUESTION FOR JURY. Whether a contract of a married woman was made with reference to her separate property, trade, or business, or upon the faith and credit thereof, and with intent on her part to thereby bind her separate property, is always a question of fact.

ERROR from the district court of Lancaster county. Tried below before HALL, J.

*Leese & Stewart*, for plaintiff in error:

A married woman can bind her separate property by

general engagements. (*Davis v. First Nat. Bank of Chey-enne*, 5 Neb., 246; *Savings Bank v. Scott*, 10 Neb., 87.)

Where a married woman having a separate estate exe-cutes a promissory note, the presumption arises that she in-tends to charge her separate estate with its payment. (*Williams v. Urmston*, 35 O. St., 296; *Hershizer v. Florence*, 39 O. St., 516; *Wicks v. Mitchell*, 9 Kan., 80; *Webb v. Hosel-ton*, 4 Neb., 314.)

*Webster, Rose & Fisherdick, contra:*

At common law the wife was under the power and au-thority of her husband. Her legal identity was merged into his. She had of herself no separate legal existence in the eye of the law. Therefore all her contracts were abso-lutely void. The common law in respect to the rights of husband and wife is in force in this state except so far as it has been changed by statute. (*Aultman v. Obermeyer*, 6 Neb., 264; Comp. Stats. Neb., ch. 53, secs. 2, 4; 2 Kent, Com., 129*; 1 Bishop, Married Women, sec. 35; *Martin v. Dwelly*, 6 Wend. [N. Y.], 9; *Patterson v. Lawrence*, 90 Ill., 174.)

The rule of the Nebraska cases is that it is for the trial court to determine whether the contract sought to be enforced against a married woman was made with reference to, and upon the faith and credit of, her separate estate. (*Davis v. First Nat. Bank of Cheyenne*, 3 Neb., 246; *Hale v. Christy*, 8 Neb., 264; *Gillespie v. Smith*, 20 Neb., 456.)

RAGAN, C.

Alphonso S. Godfrey sued John R. Megahan and his wife, Maggie E. Megahan, in the district court of Lan-caster county on a promissory note in words and figures as follows:

"$1,004.92.        LINCOLN, NEB., December 15, 1890.

"Six months after date, for value received, I promise to pay to the order of A. S. Godfrey one thousand and four

and .92 dollars, with interest at the rate of ten per cent per
annum from maturity until paid.    Negotiable and payable
at the First National Bank, Lincoln, Nebraska.

"JOHN R. MEGAHAN.
"MAGGIE E. MEGAHAN."

Mrs. Megahan answered as follows: "Defendant Maggie
E. Megahan, for her separate answer to the petition of the
plaintiff, says that she is, and at the date of the execution
of the note mentioned in said petition, and for a number
of years last past, has been, a married woman, the wife of
the defendant John R. Megahan, and living with him as
his wife; that the defendant signed the note mentioned in
the petition at the request of her husband only, and as
surety for him, but wholly without consideration, there
then being no existing indebtedness or prior obligation on
her part to plaintiff or her said husband, and nothing of
value having at the time of the signing of the same passed
from said plaintiff or her husband to this defendant.    De-
fendant did not, and did not intend thereby to, bind or
obligate her separate estate or herself personally for the
payment of said note.    She received no part of the consid-
eration for which said note was given; no benefits accrued
therefrom to her separate estate, property, trade or business,
and the said note was not made or given for the benefit of,
and did not concern, her separate estate, property, trade or
business; and she incurred no personal or other liability by
the signing thereof, and was without legal capacity so to
do." Godfrey replied, denying the allegations of this
answer, except the coverture of the respondent.    The case
was tried to the presiding judge alone, who found in favor
of Mrs. Megahan and dismissed Godfrey's suit as to her,
and he brings the case here for review.    The error assigned
is that the judgment is contrary to the evidence and law
applicable to the case.

There is some conflict in the evidence, but it supports the
following conclusions: That the note in suit was given in

payment of a note of $500 and an open account owing at the time by Mr. Megahan to Godfrey; that this note and account were for lumber and building material purchased by Mr. Megahan of Godfrey, no part of which was purchased for or on behalf of Mrs. Megahan; that she never had any dealings whatever with Godfrey; that the only property owned by her at the time of suit was the homestead where she resided; that she owned no separate estate or property, and was engaged in no trade or business when she signed the note sued on; that she signed it at her husband's request; that he did not tell her for what purpose he desired her to sign it; that she received nothing for signing it; that she expected her husband to take care of it; that she executed papers when her husband requested her; that she never executed any other note to Godfrey; that she had no conversation with Godfrey about the execution of this note, and that she never purchased any materials or lumber of Godfrey at any time. In other words, that the note in suit was given for a pre-existing debt of Mr. Megahan to Godfrey and that Mrs. Megahan signed the same as surety for her husband, and that her execution of this note was not with reference to, or upon the faith and credit of, her separate property, trade, or business; nor did she intend by signing this note to bind her separate estate for its payment. Under these facts Mrs. Megahan is not liable on this note. At common law the contracts of a married woman were void, and her disability to contract still remains, except in so far as it has been removed by our statutes. (*Aultman v. Obermeyer*, 6 Neb., 260.)

The statute has removed the common law disabilities of a married woman to make contracts only so far as the contracts made have reference to her separate property, trade, or business, or are made upon the faith and credit thereof, and with the intent on her part thereby to bind her separate property. (*Webb v. Hoselton*, 4 Neb., 308; *Davis v. First Nat. Bank of Cheyenne*, 5 Neb., 242; *Hale v. Christy*,

8 Neb., 264; *Barnum v. Young*, 10 Neb., 309; *State Savings Bank, St. Joseph, Mo., v. Scott*, 10 Neb., 83.) This is the construction given to our statutes for the last fifteen years. It has become a rule affecting the rights and liabilities of individuals, and if unsatisfactory, appeal should be made to the legislature for its modification, and not to the courts. Whether a contract of a married woman sued on was made with reference to her separate property, trade, or business, or upon the faith and credit thereof, and with the intention on her part to thereby bind her separate property, is always a question of fact. The judgment of the district court is

AFFIRMED.