EMILY S. McKELL v. MERCHANTS NATIONAL BANK OF
OMAHA.

FILED SEPTEMBER 18, 1901.    No. 9,704.

Commissioner's opinion, Department No. 3.

1. **Married Woman's Note:** DEFENSE. In an action against a married
   woman on a promissory note, wherein she pledges her separate
   estate for its payment, an answer averring that at the time of
   its execution she was a married woman and had no separate
   estate, and owned no property in her own right, states a good
   defense. *Kocher v. Cornell,* 59 Nebr., 315, followed.

2. **Married Woman's Suretyship.** A contract of suretyship is binding
   on a married woman, when made with reference to, and upon
   the faith and credit of, her separate estate, subject to the quali-
   fication mentioned in the preceding paragraph.

3. **Married Woman's Liability.** The liability of a married woman,
   on a contract made within the scope of her statutory capacity
   to contract is to be determined by the same rules as those ap-
   plied to persons of full capacity.

ERROR from the district court for Douglas county. Tried
below before SLABAUGH, J.   *Reversed.*

*Howard B. Smith,* for plaintiff in error.

*George E. Pritchett, contra.*

ALBERT, C.

The Merchants National Bank of Omaha brought this
action against James C. McKell and Emily S. McKell, on
two promissory notes which, in addition to the usual
agreements, contained the following: "And I, Emily S.
McKell, being a married woman, do execute this note with
especial reference to, upon the faith and credit of, and
with the intention to charge my individual property for
its payment." James C. McKell made default. His co-
defendant filed an answer, to which the plaintiff inter-
posed a general demurrer. The demurrer was sustained,
and the answering defendant failing to plead over, judg-
ment was rendered in favor of the plaintiff against the

defendants. The defendant, Emily S. McKell, brings the case here on error.

The sole question presented by the record is whether the facts pleaded in the answer are sufficient to constitute a defense. The answer, which for present purposes must be taken as true, admits the execution and delivery of the note, but avers, among other things, that at the time of their execution and delivery she was a married woman, the wife of her co-defendant, and had no property of her own and was possessed of no separate estate in her own right. The identical question involved was presented in *Kocher v. Cornell,* 59 Nebr., 315. In that case, this court employs the following language: "According to the doctrine of the common law, a *feme covert* was incapable of contracting a personal obligation. Her ownership of property was not even recognized. In equity, however, a different rule prevailed. Although she could not, according to the equity doctrine, create a personal liability against herself, her separate estate was liable for the satisfaction of engagements made with reference to it. Her contract was regarded as binding, not upon her, but upon her estate. The property, as was said in *London Chartered Bank v. Lempriere,* 4 L. R. P. C., 572, was considered the real debtor." The language quoted admits of but one construction, and, applied to the case at bar, it is clear the trial court erred in sustaining the demurrer to the answer.

As the case, in our opinion, must be reversed and remanded for further proceedings on the grounds mentioned, it may be proper to notice some of the other allegations of the answer to which our attention has been directed. Among such is one to the effect that the answering defendant signed the notes as surety for her husband and for no other purpose. It is urged that, in order for a married woman to bind her separate estate by contract, the contract must be made, not only with the intent to bind such estate, but with direct reference thereto, and that in no case can she bind such estate on a general contract having no direct reference thereto, nor by a contract of

suretyship for another. The argument of counsel on this proposition is both interesting and instructive, but in our opinion it comes too late. After considering the married woman's act from almost every point of view, this court stands irrevocably committed to the doctrine that a married woman is liable on her contract of suretyship, if made with reference to and upon the faith and credit of her separate estate. *Grand Island Banking Co. v. Wright,* 53 Nebr., 574, and the cases there cited.

The answer contains the further allegations that she executed the notes without consideration; that she did not execute them with reference to, upon the faith and credit of, nor with the intent to charge her separate estate for their payment; that the notes were handed to her by her husband; that she signed them at his request, without reading them, and relying upon his statement, made to her at the time, that her signature was only a matter of form; that she did not know the notes contained the clause whereby it was sought to charge her separate estate; that the consideration moved wholly to her husband, and was used by him in his private business. As to the consideration, we have seen that a married woman is liable on her contracts of suretyship, when made with reference to and upon the faith and credit of her separate estate. Within that limitation, such contract is to be tested by the same rules as other contracts of suretyship. That a consideration moving wholly to the principal is a sufficient consideration for the promise of the surety is elementary. *Briggs v. First Nat. Bank of Beatrice,* 41 Nebr., 17.

The remaining allegations are in the nature of a charge of fraud and imposition practiced upon her to induce her to sign the notes, but they do not amount to such a charge of those matters as to constitute a defense. There is no pretense that she was unable to read, nor that she lacked opportunity to examine the notes and learn their contents. With the notes before him and ample opportunity to read and acquaint himself with their contents, it will not be claimed that a man could escape liability on the ground

that he did not know their contents, and relied upon the statement of his co-maker that his signature was required merely as a matter of form. *M'Kinney v. Herrick,* 23 N. W. Rep. [Ia.], 767. The same rule should apply to married women, when acting within the scope of their statutory capacity to contract.

For the reasons stated in the first paragraph of this opinion, it is recommended that the judgment of the district court be reversed and the cause remanded for further proceedings according to law.

AMES, C., concurs.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.

SULLIVAN, J., absent, not voting.