G. N. WHITTIER, APPELLEE, v. E. D. WENNER ET AL., APPELLANTS.

FILED MAY 15, 1914. No. 17,675.

1. **Husband and Wife: JOINT NOTE: INTENT AS TO WIFE'S PROPERTY: QUESTION FOR JURY.** Whether a promissory note, executed jointly by husband and wife, was executed by the wife with reference to her separate property, trade, or business, or upon the faith and credit

thereof, and with intent on her part to thereby bind her separate property, is, ordinarily, a question of fact for the jury.

2. ———: ———: CONSIDERATION. And in such a case, where there is competent evidence to show that all of the property of the family belongs to or is in the name of the wife, the husband owning no property whatever, and a creditor who holds a valid claim against the husband, upon which there is a large accumulation of interest, offers to remit such accumulated interest on the condition that the husband and wife join in a note for the principal, and the wife, without fraud or coercion, joins with her husband in accepting such compromise and in signing a note therefor, stating at the time that the land was in her name and she would sign the note, the giving of such note will be held to be a new and independent contract, entered into by the husband and wife jointly, as principals, and upon sufficient consideration.

APPEAL from the district court for Adams county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*Tibbets, Morey & Fuller,* for appellants.

*M. D. King, contra.*

FAWCETT, J.

The petition counts in the usual form on a promissory note, dated January 30, 1906, for $240, executed by defendants E. D. and Mary C. Wenner. The answer alleges that the petition does not state a cause of action; that defendants have for more than ten years been husband and wife; and that defendant Mary C. Wenner was never indebted to plaintiff in any amount whatever. The reply admits that the defendants are husband and wife, and alleges that defendant E. D. Wenner, while a single man, borrowed from plaintiff's mother $1,000, to be used for making payment for the quarter section of land "now occupied by defendants;" that prior to the date of the note plaintiff, through the death of his mother, became the owner of a portion of the indebtedness; that at the time the note was given a large amount of interest had accumulated on the indebtedness; that it was agreed between the parties that all interest on the indebtedness should be waived and canceled, provided defendants would obligate

themselves for the principal; that in accordance with the said agreement, the note sued upon was executed by both defendants; that defendant Mary C. Wenner thereby became a principal on the note; that the note was executed and given by her and accepted by the plaintiff solely with reference to her separate estate and with the intention of binding the same, and that the settlement was made and the note accepted for the sole reason that she was the owner of the land upon which she and her husband resided. The jury returned a verdict in favor of plaintiff for the amount of the note and interest, upon which judgment was entered, and defendants separately appeal.

In the single brief filed for both defendants, they argue that the undisputed evidence shows that the defendants are husband and wife; that the note sued upon was given for the debt of the husband; that there was no acknowledgment in writing by the wife that the note was given for the benefit of her separate estate or business, or that she intended to bind her separate estate, or that for the payment thereof she did bind her separate estate; that the note was not given for the benefit of her separate estate; that the note was not given for necessaries for the family, or in connection with the defendant Mary C. Wenner's separate estate, trade, business, lands or property. The evidence shows that the debt originated, as stated in the petition, in a loan made by plaintiff's mother to defendant E. D. Wenner. Upon the death of the mother plaintiff became the owner of a portion of the indebtedness. Being desirous of collecting the amount due him he sent his brother-in-law, Henry Wenner, a brother of the defendant E. D. Wenner, to try and secure an adjustment of the matter. Henry met the defendant E. D. Wenner at a sale. After talking the matter over, they repaired to the home of the defendants, where the note was signed by both defendants. The testimony of Henry and the two defendants, as to the conversation and circumstances surrounding the execution of the note, is conflicting. At this time a considerable amount of interest had accumulated on the indebtedness. Henry testified that the three were

Whittier v. Wenner.

sitting at a table talking the matter over; that "Ed said that if they would throw off the interest they would go back to the original amount;" that "I sat down to draw up a note for one year, but she says: 'No, you make it for two years and we can meet it then.' Then I took the original amount of the money that he borrowed and deducted the interest, and she signed the note. She said: 'We will pay the note in two years;' and the date was made two years." When asked as to what conversation took place between them as to why she signed the note, he answered: "She said the land was in her name and she would sign the note." He further testified that his brother said that Mary would sign the note if he would throw off the interest. On cross-examination he testified that he said: "Ed, we will waive the interest then and you sign the notes— you and Mary." The defendant Mrs. Wenner denied emphatically that anything was said to her about interest by either Henry or her husband. She was asked: "Q. Did your husband tell you the amount of the note? A. I don't think he did. Q. Did he tell you anything about the amount of interest that had been thrown off? A. No, sir; he didn't talk anything about interest." She testified that she signed the note because her husband coaxed her to do it, and that she had no intention of paying it. Her husband, E. D. Wenner, testified that when he talked with his wife at that time he told her that Henry was there and wanted to fix up the note, "and that he agreed to throw off the interest if she would sign it. Q. You told her that? A. Yes, sir." It is not disputed that E. D. Wenner had failed in business and owned no property, and that the quarter section of land upon which they resided was in the name of Mrs. Wenner.

The simple question presented by the record is: Is the evidence sufficient to sustain the verdict and judgment which holds Mrs. Wenner responsible on the note in suit? In *Godfrey v. Megahan*, 38 Neb. 748, we held: "Whether a contract of a married woman was made with reference to her separate property, trade, or business, or upon the faith and credit thereof, and with intent on her part to

thereby bind her separate property, is always a question
of fact." In *Spatz v. Martin*, 46 Neb. 917, Spatz, who had
performed professional services for the wife of one Adams,
had been charged with negligence in his treatment of her,
and in settlement of the controversy had given the note
sued upon, his wife joining him in its execution. The
note was subsequently indorsed to Martin, who brought
the action. Upon the trial she testified that she did not
sign the note with reference to her separate estate, and
did not intend to bind it. The evidence showed that all
the property was in her name. On page 919 of the opin-
ion, we said: "The jury was not bound by her direct de-
nial of the fact that she did intend to bind her separate
property. It had a right to believe from the evidence that
when she had signed the note, owning all the property of
the family, and knowing that her signature was desired
because of that fact, her intention was to charge that
property." The judgment against her was affirmed. That
case is so clearly in point with the one at bar that we are
content to rest upon it without pursuing the discussion
further.

It is urged by defendant that "the court erred in admit-
ting in evidence confidential communications and conver-
sations between husband and wife." The ground of this
complaint is that, upon cross-examination of Mrs. Wen-
ner, counsel for plaintiff was permitted to ask her about
a talk she had with her husband privately in an adjoining
room, as to which she was asked: "Q. What did he tell
you? A. He came in and told me Henry wanted me to
sign the note; that is what he told me. Q. What did you
say? A. Well, I said I wouldn't do it." These questions
were asked upon cross-examination, following and relating
to testimony which had been drawn from her on direct ex-
amination, and were not improper.

The final complaint is that the judgment was erroneously
rendered against both defendants as principals. No ex-
ception as to the form of the judgment was taken at the
time it was entered, nor, so far as the record shows, was
any attempt ever made to correct it in the lower court.

But, aside from that, we think the judgment was properly entered. The transaction of the giving of the note in suit was a joint transaction on the part of the two defendants. The husband was indebted to Doctor Whittier for borrowed money, upon which there was a large accumulation of interest. All of the family property stood in Mrs. Wenner's name. It was proposed by plaintiff's agent that, if they would give their joint note for the amount of the principal the accumulated interest would be remitted. The length of time for which the note was to run was, according to the testimony of Henry Wenner, made two years, instead of one. On the statement of Mrs. Wenner that, if he would make it two years, "we can meet it then," it was so made. That she signed the note, and that it was accepted on the strength of her separate estate, and that she intended to bind her separate estate for such payment was established by sufficient evidence to sustain the verdict of the jury. Under the facts shown, it must be held that the giving of the note by the two defendants was a new and independent contract entered into by them jointly as principals, and upon sufficient consideration.

Finding no error in the record, the judgment of the district court is

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.