BILTWELL TIRE & BATTERY COMPANY ET AL., APPELLEES, V. JOHANNA BOOK, APPELLANT.

FILED NOVEMBER 20, 1924.    No. 22918.

1. **Husband and Wife:** NOTE: WIFE AS SURETY: CONSIDERATION. A married woman may bind her separate estate as surety for her husband, and the extension of the time of payment of her husband's past-due indebtedness is a sufficient consideration to support her contract as his surety for such debt.

2. ———: ———: LIABILITY. A married woman who joins with

her husband in the execution of a promissory note which contains a clause by which she expressly charges her separate estate with the payment of the note is bound by her contract to the same extent as if she were a *feme sole.*

3. Contracts: DURESS: ADMISSIBILITY OF EVIDENCE. "Proof of threats wrongfully made to intimate relatives of a person upon whom duress is intended to operate, if communicated to him pursuant to the design of the wrongdoer, may be admitted in evidence on the issue of duress." *Farmers State Bank v. Dowler, ante,* p. 262.

APPEAL from the district court for Pierce county: WILLIAM V. ALLEN, JUDGE. *Reversed.*

*M. H. Leamy,* for appellant.

*C. W. Peasinger* and *Spillman & Muffly, contra.*

Heard before MORRISSEY, C. J., ROSE, DEAN, GOOD and THOMPSON, JJ.

MORRISSEY, C. J.

Plaintiff sued defendants, Andy Book, and his wife, Johanna Book, upon a promissory note in the sum of $2,401.59, executed by defendants and payable to plaintiff, which, in addition to the usual terms of a promissory note, contained the following clause: "Each of us personally hereby charges our own separate estate with the payment of this note." Defendants filed separate answers. The court directed a verdict against both defendants for the amount due on the note. Andy Book has not appealed and the nature of his answer is not material. Defendant Johanna Book by her answer pleaded that she was a married woman at the time of the signing of the note, and that it was not given with reference to her separate estate or business, and that she did not intend to bind her separate estate or property when she signed the note; that she signed as a mere surety for her husband; and that she was induced and persuaded to sign the note by reason of threats made by the manager of plaintiff company to the effect that, if she did not sign the note, her husband would be prosecuted

and committed to the penitentiary for having given a no fund check to plaintiff as a partial payment on the indebtedness represented by the note; and that she received no consideration whatever for signing the note. The reply denied generally the allegations of Johanna Book's answer.

After plaintiff had made its case and rested, appellant, as a witness in her own behalf, offered testimony in support of the allegations of her answer. The court sustained objections to the offered testimony. The proper record was made on behalf of appellant and the correctness of the court's ruling is presented here for review. Perhaps the issue, so far as it relates to the defense of coverture, cannot be better stated than in the language of the distinguished jurist who presided at the trial. He said: " I think it is due to counsel and to the defendants for me to state briefly and concisely the view I entertain of the issue in this case on the question of coverture. I hold that a married woman who deliberately makes a joint note with her husband, in which she agrees to bind her separate estate, is bound by that contract in the absence of fraud, accident, or mistake, or some circumstance that would relieve a person from such contract; that she thereby estops herself and is as much bound as the husband." The well-known rule is:

" Evidence is admissible which does not tend to vary or contradict the terms of a written obligation but merely shows the nature or extent of the liability of the obligors. Thus parol evidence may be admitted to show the relation *inter se* of the parties to commercial paper or other obligations for the payment of money, as who is principal and who surety in a note or bond; that as between themselves the relation of successive indorsers is that of cosureties or that successive accommodation indorsers had agreed to be jointly bound. It is also competent to show that a person signing a note, apparently as maker, signed only as a witness. But this rule does not extend so far as to authorize the admission of evidence which is inconsistent with, or contradictory of, the instrument itself, and accordingly parol evidence is not admissible to show that an indorse-

ment of a note was intended to be without recourse. It has also been considered that one who apparently signed a promissory note as maker cannot show by parol that he was indorser only." 22 C. J. 1228, sec. 1641.

Appellant cites a number of cases which it is claimed hold to the contrary of the ruling made by the trial court. None of these authorities, however, appears to have dealt with a note that contained a recital by which the wife expressly stipulated, as is done in the note in suit, that her separate estate should be charged.

A case closely in point is *Briggs v. First Nat. Bank,* 41 Neb. 17. In that case the note in suit contained a clause whereby the wife, who had joined her husband in the execution of a promissory note, pledged her separate estate. In defense of the suit brought upon the note, she averred that she had signed it only as a surety for her husband who had received the entire consideration paid, and she denied that the note was given with reference to her separate estate, etc. The court held the wife liable. In the instant case the proof shows that the note in suit was given in payment for goods theretofore sold and delivered to Andy Book, the husband of appellant, and the execution and delivery of the note procured for him an extension of the time of payment. This is a sufficient consideration to support her contract as surety for his debt. *Smith v. Spaulding,* 40 Neb. 339. We are unable to distinguish, in principle, the case of *Briggs v. First Nat. Bank, supra,* from the instant case, and we hold that the ruling of the trial court in so far as it dealt with the defense of coverture was proper.

A second assignment relates to the ruling of the trial court with reference to the defense of fraud, or duress. The evidence offered on this phase of the case was calculated to show that appellant's husband was engaged in the retail tire and automobile accessory business; that plaintiff was a jobber or wholesaler of these commodities; that as a partial payment on an account due from defendant Andy Book to plaintiff, Book issued a check payable to plaintiff

for the sum of $500; that Book did not have sufficient funds in the bank on which the check was drawn to meet the check, and payment of the check was refused by the bank for that reason; that, following the refusal of payment of the check by the bank, the representative of plaintiff called upon Book, demanded payment of the account, and made the threats alleged in the answer of appellant; that Book communicated these threats to appellant, and because of these threats she executed the note, as alleged in her answer. The court held that the evidence offered was incompetent. This ruling was improper under the holding of this court in *Farmers State Bank v. Dowler, ante,* p. 262, where the authorities are reviewed and the rule announced that—"Proof of threats wrongfully made to intimate relatives of a person upon whom duress is intended to operate, if communicated to him pursuant to the design of the wrongdoer, may be admitted in evidence on the issue of duress."

Because of the last mentioned ruling of the court, the judgment is reversed and the cause is remanded.

REVERSED.

Note—See Contracts, 13 C. J. sec. 964 (1926 Ann.); Husband and Wife, 30 C. J. secs 580, 585, 588.