FRANK W. McROBERTS, RECEIVER, ET AL., APPELLEES, V. WILLIAM A. DWORAK ET AL., APPELLANTS.

FILED JULY 2, 1928. No. 25954.

*George W. Wertz,* for appellants.

*W. I. Allen, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and HOWELL, JJ., and REDICK, District Judge.

DEAN, J.

Frank W. McRoberts, as receiver of the First National Bank of Schuyler, hereinafter called the bank, filed a motion in the district court for Colfax county wherein he sought to recover a deficiency judgment against the defendants William A. Dworak and Lucy Dworak, husband and wife, on a cause of action formerly reduced to judgment against the Dworaks. This proceeding is the outgrowth of a promissory note, dated February 1, 1923, executed by the defendants for an obligation of William A. Dworak. The note is in the usual form, except that it closes with these words:

"I or we, each of us, personally hereby charge our own separate and individual estate with the payment of this note. (Signed) William A. Dworak, Lucy Dworak."

August 10, 1926, the motion of plaintiff was sustained and pursuant thereto a deficiency judgment for $10,866.46

was rendered against both the defendants, with accrued interest. And in its decree the court found "that the separate and individual property and estate of the said Lucy Dworak is held, bound and charged with the payment of this judgment, which bears interest at the rate of 10 per cent. per annum from this day." Mrs. Dworak has appealed.

The argument of the receiver now is that Mrs. Dworak is bound by the act of signing the note in suit with her husband, and that she thereby made the debt her debt and has therefore charged her separate property and estate for its payment. So that the sole question before us is whether Mrs. Dworak signed the note with intent to bind her separate property and estate for the payment of the note and thereby became liable for the debt of her husband.

In Mrs. Dworak's answer it is pleaded that the parties to the instrument in suit at the time of its execution talked it over and agreed that in signing the note it should not be intended to bind her separate estate, and that this was the mutual understanding of the parties. The evidence of the bank officials who took the note, as well as the evidence of the defendants, supports the allegations of the answer. Mrs. Dworak's evidence stands undisputed. Under such circumstances, it would be manifestly unjust to hold her liable for a deficiency judgment.

"The common-law disability of a married woman to contract is in force in this state, except as abrogated by statute. * * * When a married woman signs a note there is no presumption that she intended thereby to fasten a liability upon her separate estate, but in an action on such note, where coverture is pleaded as a defense, and proved, the burden is upon the plaintiff to establish that it was made with reference to, and upon the credit of, her property, and with the intent to bind the same." *Grand Island Banking Co. v. Wright,* 53 Neb. 574.

Clearly, it is within the well-recognized rule for Mrs. Dworak to establish by parol testimony that she did not intend to bind her separate estate. And it is undisputed

that she did not intend to do so. It follows that no liability attaches in respect of her property.

From what has been said it follows that the judgment of the district court must be and it hereby is reversed and the cause is remanded, with directions that the plaintiff's cause of action be dismissed as to Lucy Dworak.

REVERSED.

HOWELL, J., concurring.

I concur in the results of the foregoing opinion.

The note contains the clause: "I, or we, each of us, personally hereby charge our own separate and individual estate with the payment of this note." It will be noticed the note does not contain a provision that Lucy Dworak "intends" to bind her separate estate.

It may be reasonably said the provision above quoted is ambiguous to a certain extent. Section 8851, Comp. St. 1922, provides: "When the terms of an agreement have been intended in a different sense by the parties to it, that sense is to prevail against either party in which he had reason to suppose the other understood it." The situation is sufficient to admit of parol proof as to the understood meaning of the terms of the note, without disobeying the rule against varying written contracts by parol.