JOHN FLETCHER·COLLEGE, APPELLANT; V. ESTATE OF MAGGIE PAILING, APPELLEE.

FILED NOVEMBER 5, 1931.   No. 27908.

*C. A. Rawls*, for appellant.

*Dwyer & Dwyer*, contra.

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and RAPER and RYAN, District Judges.

GOSS, C. J.

On or about June 22, 1921, Mrs. Maggie Pailing, of Greenwood, Nebraska, a married woman living with her husband, pledged $500 to Central Holiness University and gave her note therefor as follows:

"$500.00.                              June 22, 1922.

"5 years after date I promise to pay to the order of Central Holiness University, University Park, Iowa, Five Hundred Dollars with interest at the rate of five per cent. from date, for value received.

"Mrs. Maggie Pailing.

"Address—Greenwood, Nebr."

By amendment of the articles of incorporation of the payee, the name of the payee was changed to that of plaintiff, which is the legal owner and holder of said note. In her lifetime, on June 28, 1923, there was paid $100 on the

principal, interest to June 23, 1923, amounting to $25, and $5 interest paid in advance. The maker has since died and this suit was duly instituted to recover of her estate the balance of said note. She was a housewife. There is no claim that she was engaged in trade or business. The money was intended to be used with other money for the erection of a dormitory. What was paid was so used. The contract was made in Nebraska and the answer sets up, among other things, that, when the note was made, the maker was a married woman, residing with her husband and family, and the note was not given by her with intent to bind her separate estate and that her estate is not liable therefor. We do not find it necessary to consider other issues.

There was a trial and the jury returned a verdict for the defendant. Judgment was rendered for defendant and plaintiff appealed.

In substance the errors assigned are that the verdict is not sustained by the evidence, is contrary to the evidence, and contrary to law; and that the court erred in submitting the question of intent to the jury.

Without quoting them, it is sufficient for the purposes of this case to say that the sections of the statute bearing on the power of a married woman to make contracts with reference to her separate property and the extent of her liability thereon are sections 42-201, 42-202, and 42-203, Comp. St. 1929. The effect of these sections has been well stated in *Farm Mortgage & Loan Co. v. Beale,* 113 Neb. 293: "The statute has removed the common-law disability of a married woman to make contracts only in cases where the contract made has reference to her separate property, trade, or business, or was made on the faith or credit thereof, and with the intent on her part to thereby bind her separate property. *Hale v. Christy,* 8 Neb. 264; *Godfrey v. Megahan,* 38 Neb. 748; *Grand Island Banking Co. v. Wright,* 53 Neb. 574; *Smith v. Bond,* 56 Neb. 529; *Farmers Bank v. Boyd,* 67 Neb. 497; *Northwall Co. v. Osgood,* 80 Neb. 764; *Marsh v. Marsh,* 92 Neb. 189."

Whether a contract of a married woman was made with

the intent on her part to bind her separate property is a question of fact. *Godfrey v. Megahan,* 38 Neb. 748; *Grand Island Banking Co. v. Wright,* 53 Neb. 574; *Whittier v. Wenner,* 96 Neb. 228. The burden is on the plaintiff to prove such intent. *Farmers Bank v. Boyd,* 67 Neb. 497; *First Nat. Bank v. Ernst,* 117 Neb. 34.

The note, which we have heretofore quoted, shows no intent on the part of the maker to charge her separate estate. And there is no evidence in the record indicating an intent on the part of the maker, either at the time she made the note or at any later time, to charge her separate estate with the payment of the note or with the balance unpaid at the time of her death.

Quite likely Mrs. Pailing intended to pay the whole of the $500, but that she intended so to do did not make the payment enforceable out of her separate estate in the absence of proof of an intent to bind her separate estate for the payment of this liability. Such a contract is by statute made an exception to the common law as to the power and liability of a married woman. For that reason and because not only public policy suggests the preservation of the separate property of a married woman but also proper legal procedure requires one who relies on a fact to prove that fact, we have always laid the burden on the party asserting the intent. The mere fact that Mrs. Pailing paid interest on her note and paid part of the principal does not, in and of itself, prove that she intended to bind her separate estate for the payment of the whole note or for the payment of the balance for which the plaintiff sued. Unaided by proof of intent to charge her separate property, those payments were voluntary and were not legally enforceable.

Plaintiff cites cases to the effect that the interpretation put upon a contract by the parties before any controversy arises will ordinarily be enforced by the courts. Plaintiff therefore argues that, as Mrs. Pailing paid interest and part of the principal, she is deemed to have interpreted the contract as binding on her separate estate and it ought so to have been considered; and that the district court

therefore erred in submitting to the jury the question of intent. The cases cited are based on commercial contracts, contracts of employment, and the like. They afford no precedent in a case like this, where the contract is dependent on a statute in derogation of the common law and where our interpretation of the statute requires the intent to be proved as a fact.

The judgment of the district court is

AFFIRMED.