ANDREW F. STURM, APPELLANT, V. LISSA LLOYD, APPELLEE.

FILED JANUARY 2, 1936. No. 29485.

*Pitzer & Pitzer,* for appellant.

*W. G. Kieck, contra.*

Heard before GOSS, C. J., ROSE and CARTER, JJ., and REDICK and KROGER, District Judges.

CARTER, J.

This is an action at law to recover on a promissory note. At the close of the evidence both parties moved for a directed verdict. Defendant's motion was sustained by the trial court and a judgment for defendant entered. From the overruling of his motion for a new trial plaintiff appeals.

The evidence shows that on March 6, 1923, John W. Lloyd and Lissa Lloyd, his wife, executed and delivered to Andrew F. Sturm their promissory note for $863.30, bearing interest at 8 per cent. The evidence is undisputed that payments had been made thereon, the last under date of May 4, 1929. The note sued upon contained the following clause: "And each of us hereby personally charge our own separate estate with the payment of this note." Plaintiff also produced evidence that was not disputed to the effect that the defendant Lissa Lloyd had a separate estate at the time the note was executed.

The evidence of Lissa Lloyd, the only witness called by the defense, was to the effect that she was a married woman at the time the note was executed, that she signed the note without reading it, and that she never intended to bind her separate estate for its payment. Both parties thereupon moved for a directed verdict. The jury were then discharged and the court entered a judgment for the defendant.

The testimony of defendant, to the effect that she signed the note at the request of her husband without reading it, cannot help her any in this case. She admitted on cross-examination that she could read and that she did not read it merely because she relied wholly upon her husband's advice in the matter. This court has held this to be no defense. In *McKell v. Merchants Nat. Bank of Omaha*, 62 Neb. 608, 87 N. W. 317, the court said: "The remaining allegations are in the nature of a charge of fraud

and imposition practiced upon her to induce her to sign the notes, but they do not amount to such a charge of those matters as to constitute a defense. There is no pretense that she was unable to read, nor that she lacked opportunity to examine the notes and learn their contents. With the notes before him and ample opportunity to read and acquaint himself with their contents, it will not be claimed that a man could escape liability on the ground that he did not know their contents, and relied upon the statement of his comaker that his signature was required merely as a matter of form. *McKinney v. Herrick,* 66 Ia. 414, 23 N. W. 767. The same rule should apply to married women, when acting within the scope of their statutory capacity to contract."

The only question remaining is whether the court erred in permitting the introduction of parol evidence by the defendant, over objection, that at the time she signed the note she did not intend to bind her separate estate for the payment thereof.

Many cases are cited by appellee holding that the burden is upon the person seeking a judgment on a note signed by a married woman, when coverture is pleaded, to prove the intent to bind her separate estate. That such is the law of this state can hardly be disputed, and in cases where the note does not contain a clause to the effect that the wife intends to bind her separate estate, parol evidence is admissible to show the intent of the parties. *Grand Island Banking Co. v. Wright,* 53 Neb. 574, 74 N. W. 82; *First Nat. Bank v. Ernst,* 117 Neb. 34, 219 N. W. 798; *John Fletcher College v. Estate of Pailing,* 121 Neb. 847, 238 N. W. 750.

But, in a case where the note contains a recital by which the wife expressly stipulates that her separate estate should be charged, a different question arises. In *Biltwell Tire & Battery Co. v. Book,* 112 Neb. 647, 200 N. W. 868, Morrissey, C. J., speaking for the court, said:

"After plaintiff had made its case and rested, appellant, as a witness in her own behalf, offered testimony in support of the allegations of her answer. The court sustained ob-

jections to the offered testimony. The proper record was made on behalf of appellant and the correctness of the court's ruling is presented here for review. Perhaps the issue, so far as it relates to the defense of coverture, cannot be better stated than in the language of the distinguished jurist who presided at the trial. He said: 'I think it is due to counsel and to the defendants for me to state briefly and concisely the view I entertain of the issue in this case on the question of coverture. I hold that a married woman who deliberately makes a joint note with her husband, in which she agrees to bind her separate estate, is bound by that contract in the absence of fraud, accident, or mistake, or some circumstance that would relieve a person from such contract; that she thereby estops herself and is as much bound as the husband.' The well-known rule is:

" 'Evidence is admissible which does not tend to vary or contradict the terms of a written obligation but merely shows the nature or extent of the liability of the obligors. Thus parol evidence may be admitted to show the relation *inter se* of the parties to commercial paper or other obligations for the payment of money, as who is principal and who surety in a note or bond; that as between themselves the relation of successive indorsers is that of cosureties or that successive accommodation indorsers had agreed to be jointly bound. It is also competent to show that a person signing a note, apparently as maker, signed only as a witness. But this rule does not extend so far as to authorize the admission of evidence which is inconsistent with, or contradictory of, the instrument itself, and accordingly parol evidence is not admissible to show that an indorsement of a note was intended to be without recourse. It has also been considered that one who apparently signed a promissory note as maker cannot show by parol that he was indorser only.' 22 C. J. 1228."

While the case above cited was reversed by this court on another point, we expressly approved the holding of the trial court that the express terms of the note could not be disputed by parol testimony for the reason that it would

be a violation of the parol evidence rule. Such seems to have been the law of this state until the decision was handed down in the case of *McRoberts v. Dworak,* 117 Neb. 342, 220 N. W. 587. In that case, the note contained the clause: "I or we, each of us, personally hereby charge our own separate and individual estate with the payment of this note." The trial court permitted the introduction of parol evidence to show an oral agreement between the parties that the wife's separate estate was not to be bound for the payment of the note. The trial court, however, held that the wife's separate estate was bound for the payment of the note. In reversing the case, this court said: "Clearly, it is within the well-recognized rule for Mrs. Dworak to establish by parol testimony that she did not intend to bind her separate estate. And it is undisputed that she did not intend to do so. It follows that no liability attaches in respect of her property."

There is a hopeless conflict in the holdings in *Biltwell Tire & Battery Co. v. Book, supra,* and *McRoberts v. Dworak, supra.* The note sued on in each case contained almost identical language with respect to charging the separate estate with the payment thereof. We have concluded that the rule in the case of *Biltwell Tire & Battery Co. v. Book, supra,* states the better principle of law. We know of no better way for a person to express intent than to write it in definite words over his signature. Where a person has so expressed it, it is clearly a violation of the parol evidence rule to permit oral evidence to contradict it. We have therefore come to the conclusion that the opinion in the case of *McRoberts v. Dworak, supra,* is wrong, under the facts stated therein, in so far as it conflicts with our views as herein expressed, and to that extent it is overruled.

We conclude that the trial court erred in the case at bar in permitting the introduction of parol testimony to dispute the express provision of the note with reference to the intent of the wife to charge her separate estate. The evidence produced by the appellee does not constitute a defense and the trial court should have sustained plaintiff's motion for

a directed verdict. For the reasons herein set out, the judgment is reversed and the cause remanded.

REVERSED.