HARBINE BANK OF FAIRBURY, APPELLEE, v. CAROLINE MC-CUNE, APPELLANT.

FILED JULY 8, 1936. No. 29622.

*E. A. Wunder,* for appellant.

*Rain & Rain, contra.*

Heard before GOOD, PAINE and CARTER, JJ., and CLEMENTS and THOMSEN, District Judges.

PAINE, J.

A married woman signed a promissory note containing the married woman's clause, but denied that the bank extended any credit on her separate estate, and claimed that she had no property, and that the note was given for an indebtedness of her husband. Jury waived; trial had to court and judgment entered against her for $2,293.56, from which she appeals.

The plaintiff brought suit May 1, 1934, against Caroline McCune and her husband upon a promissory note given plaintiff bank by the defendants on November 17, 1930, for $1,775, which note contained a married woman's clause, pledging payment of the same upon the faith and credit of her separate property, estate, and business. It was further alleged that several payments of interest had been made.

On November 21, 1934, Caroline McCune filed her answer, alleging that she married A. C. McCune on November 28, 1906, and that on November 17, 1930, she was a married woman, not engaged in any trade or business on her sole or separate account. She also denies that any credit was given upon her signature, or with reference to, or upon the faith and credit of, her separate business, and denies that she has any property, real or personal, and alleges that the obligation represented by the note was the entire obligation of her husband, but does not plead fraud of any sort in obtaining her signature to the note, and asks that the action be dismissed. The reply was a general denial.

On November 19, 1934, default was taken against the husband, A. C. McCune, and judgment entered against him for $2,205.28, with interest at 10 per cent. from March 18, 1935. On April 2, 1935, a jury was waived and the case went to trial against the wife on the petition, answer and reply, and a judgment was entered against

her. The bill of exceptions discloses that the plaintiff offered in evidence as exhibit No. 1 the note sued upon, which was received in evidence, and then rested.

The evidence of the defendant, aside from oral evidence, consisted in offering exhibit A, a note given plaintiff bank by the defendant and her husband on January 26, 1923, for $1,545; exhibit B, a note between the same parties, dated September 1, 1925, for $1,000; exhibit C, dated February 29, 1926, for $941.40; exhibit D, dated August 28, 1929, for $1,617; each note containing a married woman's clause.

Caroline McCune testified that the indebtedness arose out of farming debts, made mostly in 1921, and accumulated interest thereon, and testified that the amount represented by each note was that carried forward from the previous note, and that all of this indebtedness was that of her husband, incurred in his farming operations. She further testified that she had simply signed the notes because the bank asked her to. She admitted that she was the daughter of Jacob Dein, who owned considerable property, and that her father died June 29, 1929, and that she signed the note, exhibit D, for $1,617 on August 28, 1929. She admitted that she had a one-tenth interest in her father's estate, but said that, as her mother was still alive and gets all of the income of it for life, she had never received a cent from her father's estate, and had no control or possession of any of the property. She denied that she ever intended to represent to the plaintiff bank that it should extend credit to her husband on the interest that she had in her father's estate. She denied positively that she ever told Mr. McLucas, of the plaintiff bank, that she would bind her interest in her father's estate for her husband's debt. In the plaintiff's rebuttal, Harold McLucas testified most positively that Mrs. McCune told him that she had an interest in her father's estate, and that she would pledge that interest for the payment of the note in suit.

The evidence establishes the fact that the note in suit is the last of a long series of notes, all of which have been

signed by Mrs. McCune under a married woman's clause, and that two of them were signed after the death of her father, who was an extensive farmer and landowner, and who left the income of his property to his wife for life, and after that it was to be divided equally between his ten children, of whom Mrs. McCune was one.

Defendant contends that, in order to constitute her separate estate, she must be entitled to the possession of some particular part thereof, and that when she signed the note in suit she had at best only a contingent interest in her father's estate, for the will provides that certain tracts of land shall be sold and reduced to cash, which cannot be done until after the death of the life tenant.

In discussing the law relating to the contentions of the parties, we will first set out the statute relating thereto, being section 42-202, Comp. St. 1929, which reads: "A married woman, while the marriage relation subsists, may bargain, sell and convey her real and personal property, and enter into any contract with reference to the same in same manner, to the same extent, and with like effect as a married man may in relation to his real and personal property."

Justice Gantt, in *Davis v. First Nat. Bank*, 5 Neb. 242, said, in effect, that this statute legalizes her contracts, and if she contracts with reference to and upon the faith and credit of her separate property she should be bound to make good such contracts.

The next illuminating case is found in the opinion of Judge Norval in *Grand Island Banking Co. v. Wright*, 53 Neb. 574, 74 N. W. 82, and the much longer dissent of Commissioner Ryan, concurred in by Commissioner Irvine, in which all the early cases are reviewed, and it is held that in Nebraska it is a question of fact whether a married woman intended to bind her separate estate.

Judge Sullivan held in *Kocher v. Cornell*, 59 Neb. 315, 80 N. W. 911, that a married woman's contract could only be enforced against the separate estate she possessed at the date of entering into the contract. In *Biltwell Tire & Bat-*

*tery Co. v. Book,* 112 Neb. 647, 200 N. W. 868, this court, in an opinion by Chief Justice Morrissey, definitely held that, if a married woman joined with her husband in the execution of a promissory note which contains a clause by which she expressly charges her separate estate with the payment thereof, she is then bound to the same extent as a *femme sole.*

The only case cited to the contrary is *McRoberts v. Dworak,* 117 Neb. 342, 220 N. W. 587, but, since the briefs were written in the case at bar, the case of *McRoberts v. Dworak, supra,* has been overruled by this court in *Sturm v. Lloyd,* 130 Neb. 89, 264 N. W. 150, which holds that, in the absence of fraud, accident, or mistake, it is error to allow the introduction of parol evidence to contradict the terms of the married woman's clause. See 8 Neb. Law Bulletin, 276.

In the case at bar Harold McLucas testified that he was an officer of the Harbine Bank until June 14, 1930, when it was consolidated with the First National Bank of Fairbury, after which he was vice-president of the consolidated bank; that when the note dated August 28, 1929, became due, suit was started, and Mr. and Mrs. McCune came to see him several times, and finally the new note sued upon was given, and the suit was dismissed, after she had pledged her interest in her father's estate for the payment of the note. Therefore, the evidence disclosed that she repeatedly had pledged her interest in her father's estate, twice by signing notes after his death containing the married woman's clause, and also by her oral promises that, if the bank would dismiss the first suit and extend the time of payment by a new note, she would pledge her interest.

In the case of *Gibson v. Sheen,* 128 Neb. 728, 260 N. W. 186, this court announced that an extension of time of payment of her husband's past-due indebtedness is a sufficient consideration to support a wife's contract to bind her separate estate for the payment thereof.

In the argument, defendant attacks the sufficiency of the allegations of the petition to hold Mrs. McCune. To test

this, the defendant filed a demurrer, but, without waiting for argument or any ruling on the demurrer, the defendant filed an answer, which, in effect, waived her attack upon the sufficiency of the petition.

This court finds that Caroline McCune, defendant, owned property at the time she signed the note in suit.

After hearing all the evidence, the trial court rendered a judgment against the defendant. Considering the advantage which that court had in hearing the evidence from the witness-stand, and finding that the law supports his finding, the judgment of the trial court is hereby

AFFIRMED.