FALSTAFF BREWING CORPORATION, APPELLANT, V. FRANK E. SMITH ET AL., APPELLEES.

284 N. W. 868

FILED MARCH 24, 1939. No. 30513.

*Crofoot, Fraser, Connolly & Stryker* and *Kelsey & Kelsey*, for appellant.

*Webb Rice, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

Plaintiff commenced this action to recover on a written guaranty signed by Frank E. Smith and Cora A. Smith. The defendant Cora A. Smith pleaded that she was a married woman and that she never intended to bind her separate estate. The jury returned a verdict in favor of Cora A. Smith, and plaintiff appeals.

It appears from the record that Frank E. Smith and Thomas McCurdy were operating a business known as the Norfolk Beverage Company. In order to establish a credit with the Falstaff Brewing Corporation, a written guaranty was executed and signed by Frank E. Smith and Cora A. Smith by which they guaranteed "the Norfolk Beverage account up to $1,000 limit." Both signers also executed a joint property statement in which the individual property of Cora A. Smith was listed. There was no statement in the guaranty to the effect that Cora A. Smith intended to bind her separate estate.

The testimony of Cora A. Smith was that her husband asked her to sign the guaranty, and that she said she would if it did not implicate her property in any way, and that his reply was that it was just a form. She testified that she knew her husband was going to use the guaranty to obtain credit for the Norfolk Beverage Company. Plaintiff claims that by giving a property statement, listing her separate estate, Cora A. Smith is estopped to deny that she intended thereby to bind her separate property.

It is the law of this state that, where a married woman's

contract is that of a surety only, coverture is a complete defense unless it be established that she signed it with the intention of binding her separate estate for its payment. *Grand Island Banking Co. v. Wright,* 53 Neb. 574, 74 N. W. 82; *First Nat. Bank v. Ernst,* 117 Neb. 34, 219 N. W. 798; *John Fletcher College v. Estate of Pailing,* 121 Neb. 847, 238 N. W. 750. Whether the contract of a married woman was so made is ordinarily a question of fact.

Where the intent of a married woman in signing a written guaranty is a direct issue, it is competent for her to testify that she had no intent to bind her separate estate, the weight of such testimony being a matter for the jury to consider. Likewise, evidence that she knew that the guaranty was going to be used to obtain credit thereon, and the fact that she gave a property statement in which she listed her separate estate, are proper for the jury to consider in determining whether she intended to bind her separate estate. The fact that she knew that the guaranty was to be used to obtain credit is not sufficient to estop her from denying an intent to bind her separate estate. Neither is the fact that she joined with her husband in executing a property statement, in which she listed her separate estate, sufficient to create an estoppel.

The common-law disability of a married woman to contract is in force in this state, except as abrogated by statute. In the absence of an intent to charge her separate estate, a married woman lacks the power to bind it. The question is one of *power* and not of *intention.* If the married woman had no power to bind her separate estate because the necessary intent was lacking, certainly no acts or representations made by her, in the absence of actual fraud, could have the effect of estopping her from denying a liability which she had no power to incur. Want of legal capacity to contract cannot be supplied by estoppel.

The intent with which Cora A. Smith signed the guaranty in the instant case was a question of fact. This question was properly submitted to the jury and we find no reason for interfering with the verdict.

AFFIRMED.