STATE, EX REL. R. D. STEARNS, V. CHARLES H. FOX-WORTHY.

[FILED APRIL 8, 1890.]

1. **Elections: BALLOTS: SUPERFLUOUS NAMES.** Ballots cast at an election for justice of the peace in the Third district of the city of Lincoln containing the names of three persons, when but one person is to be elected to that office, are, under sec. 40, chap. 26, Compiled Statutes, void, and cannot be counted for any one for that office.

2. ———: ———: **EXTRINSIC EVIDENCE** cannot be received to explain or contradict such a ballot.

3. ———: ———: **WORDING.** Ballots cast in said district for P. for the office of justice of the peace are not invalidated as to him because they also contain the name of B. "For justice of the peace of the First district" and that of C. "For justice of the peace of the Second district."

ORIGINAL action in nature of *quo warranto*.

*R. D. Stearns, N. Z. Snell, A. S. Tibbetts,* and *W. J. Bryan* for relator.

*Charles L. Hall,* and *Adams, Lansing & Scott, contra.*

NORVAL, J.

This is an action of *quo warranto* brought by R. D. Stearns, county attorney of Lancaster county, to oust the defendant from the office of justice of the peace of the Third district of the city of Lincoln, and instate M. L. Easterday therein.    The case is submitted to the court on the following stipulation of facts :

" It is hereby stipulated that at the general election held in the city of Lincoln, Nebraska, on the 5th day of November, 1889 :

" 1st. That J. H. Brown was the regular candidate of the republican party, E. M. Wolfe of the democratic party, and S. J. Kent of the prohibition party, for the office of justice of the peace, from the First district of said city ; that each was a resident and elector of said district ; and that it was generally known and understood that they were such candidates, residents, and electors.

" 2d. That S. T. Cochran was the regular candidate of the republican party and S. S. Royce of the democratic and prohibition parties for the office of justice of the peace from the Second district of said city ; that each was a resident and elector of said district ; and that it was generally known and understood that they were such candidates, residents, and electors.

" 3d. That Charles H. Foxworthy was the regular candidate of the republican party and M. L. Easterday of the democratic and prohibition parties for the office of justice of the peace from the Third district of said city ; that each was a resident and elector of said district, and that it was

generally known and understood that they were such candidates, residents, and electors.

"4th. That at said election held in said city there were 605 republican ballots cast in the Third district of said city for the election of justices of the peace, one of which is hereto attached marked Exhibit 'A' and made a part of this stipulation, and upon each of which ballots the name of Charles H. Foxworthy appears and was voted for as thereon stated, and the names of J. H. Brown and S. T. Cochran also appear and were voted for on each of said ballots as thereon stated.

"5th. That at said election held in said city there were 575 democratic ballots cast in said Third district for M. L Easterday for justice of the peace from said Third district which ballots were in all respects legal, and upon each of which the name of said M. L. Easterday appears and was voted for for said office.

"6th. That at said election held in said city there were 37 prohibition ballots cast in said Third district for the election of justices of the peace, one of which is hereto attached marked 'Exhibit B' and made a part of this stipulation, and upon each of which ballots the name of said M. L. Easterday appears and was voted for as thereon stated.   Said 37 ballots were all cast in the Fourth ward of said city, which ward comprised a part of said Third district.

"7th. That there were other candidates nominated and voted for for justices of the peace in said city at said election, but that fact has no material bearing upon any issue involved in this case.

"8th. That each of paragraphs 1, 2, 3, and 7 are subject to objection on the part of the defendant Charles H. Foxworthy for incompetency, immateriality, and irrelevancy."

The following are copies of the exhibits attached to the stipulation:

"Exhibit A.

"REPUBLICAN CITY TICKET.

"For Justice of the Peace of the First district of the city of Lincoln, and for the city of Lincoln,"

"J. H. Brown.

"For Justice of the Peace of the Second district of the city of Lincoln, and for the city of Lincoln,

"S. T. Cochran.

"For Justice of the Peace of the Third district of the city of Lincoln, and for the city of Lincoln,

"Chas. H. Foxworthy."

"Exhibit B.

"FOURTH WARD PROHIBITION TICKET.

"For Justice of the Peace,

"S. J. Kent,
"S. S. Royce,
"M. L. Easterday."

It will be observed that in the prohibition tickets for justice of the peace, S. J. Kent, S. S. Royce, and M. L. Easterday were voted for on the same ticket for precisely the same office and indistinguishably from Easterday. In the case of *State, ex rel. Easterday, v. Howe*, 28 Neb., 618, it was held that the city of Lincoln was entitled to three justices of the peace, one to be elected from each of the three districts. Therefore there was but one justice of the peace to be elected at the last general state election for the Third district of said city by the electors of said district. It is contended by the defendant that the thirty-seven prohibition votes were counted for Easterday in violation of section 40 of chapter 26, Compiled Statutes which provides that "Whenever a ballot shall contain a greater number of names for any one office than the num- of persons required to fill that office, it shall be deemed fraudulent as to the whole of the names for that office, but

no further; and shall be endorsed, 'rejected as to office of——,' and disposed of as hereinafter directed; and no ballot shall be deemed fraudulent because it contains a less number of names than are authorized to be inserted." Without doubt the decisions of all the states having a similar statute are to the effect that when a ballot contains an excess of names for any office it is void *as to all* the names for such office and cannot be counted. (*State, ex rel. Valentine, v. Griffey*, 5 Neb., 161; *People v. Seaman*, 5 Denio [N. Y.], 409; *People v. Loomis*, 8 Wend. [N.Y.], 396; *People v. Cook*, 8 N. Y., 67; *Newton v. Newell*, 26 Minn., 529; *Carpenter v. Ely*, 4 Wis., 420; *State, ex rel. Holden, v. Tierney*, 23 Id., 430; *Clark v. Robinson*, 88 Ill., 498; *Kreitz v. Behrensmeyer*, 125 Ill., 141.)

The relator, however, contends that the matter set out in paragraphs 1, 2, and 3 of the agreed statement of facts takes the prohibition ballots out of the operation of the above quoted section. The general rule undoubtedly is that extrinsic evidence is competent to show the intent of the voter in casting an imperfect ballot. (*State, ex rel. Valentine, v. Griffey, supra.*) While this is true, we know of no case which allows such evidence to be used to explain a fraudulent ballot. Where there is no statute making fraudulent a ballot containing excessive names, the rule seems to be, that where a ballot contains a printed name for an office but not erased, and another name is written for the same office, to count the written name, as it expresses the voter's intent. But when there exists a statute similar to our own, the rule is otherwise.

The supreme court of Minnesota, in *Newton v. Newell*, 26 Minn., 539, says: "Whenever the *fact* of the excess of names exists, the ballot is, *pro tanto*, void, and cannot be counted. The statute leaves no room for any speculation or conjecture as to the intention of the voter. As respects the office thus voted for, the ballot must be rejected. The six ballots for sheriff, upon which the name of either

Newell or Wing was printed, but not in any way obliterated, and the name of Newton written, were, therefore, improperly counted for Newton, and must be deducted from his total vote as found by the court." (*Clark v. Robinson,* 88 Ill., 498.) The intention of the voter in the Minnesota case was expressed upon the face of the ballot, in the writing of the name of Newton thereon; yet the court in that case held that the ballots could not be counted for him, on account of an excess of names for the office. If such tickets could not be counted for Newton, certainly there is less reason for counting the prohibition ballots in this case, when the intention of the voter is sought to be established by extrinsic evidence.

Said section 40 was under consideration in *State, ex rel. Valentine, v. Griffey, supra.* There was in that case proof that it was generally understood in the then sixth judicial district that T. L. Griffey was a candidate for judge of that district, and that G. B. Fletcher was a candidate for the office of district attorney for the same district. Both names appeared upon the same ballot. Judge GANTT observes in that case: "Again, each one of these ballots contains the names of two persons, and as this is a greater number than is required to fill the office, it is fatal to the validity of the ballots." After quoting the section, he continues: "This statutory law seems to be conclusive in regard to such a ballot. It *shall* be deemed fraudulent as to all the names on it. The law is mandatory."

The relator contends that it is competent to prove that Kent and Royce were candidates for the office of justice of the peace for the First and Second districts respectively, for the purpose of showing that the persons casting these prohibition tickets intended to vote for justices of the peace for those districts. The voters of the Third district could not legally vote for any person to fill an office in the other districts of the city. The object of the offered testimony is to show that the voters intended to cast an illegal ballot.

While extrinsic evidence is allowed to explain an imperfect designation of an office on a ballot, it should not be received to contradict the intent clearly expressed, or to supply an entire omission of the name of the office. The designation of the office on these prohibition ballots is perfect. Testimony could not make it plainer. The evidence offered could but have the effect to supply what is claimed as an omission. In other words, to supply the words "For justice of the peace, First district," over the name of S. J. Kent, and the words "For justice of the peace, Second district," over the name of S. S. Royce, we are clearly of the opinion that it is not competent to do so. The views already expressed necessarily leads to the conclusion that the 37 prohibition ballots cannot be counted for Easterday. Deducting them, leaves him 575 legal votes.

It is finally urged by the relator that if the prohibition ballots are void, for the same reason the 605 votes cast for the defendant Foxworthy are likewise fraudulent. By reference to "Exhibit A" it will be observed that the intention of the voter is clearly expressed on the face of the ballot. No extrinsic evidence is required to explain or construe them. They contain only the name of Foxworthy for justice of the peace for the Third district. There is, therefore, no excess of names. That upon these ballots also appears the name of J. H. Brown for justice of the peace of the First district and that of S. T. Cochran for the Second district certainly does not invalidate the remainder of the ballot. As to Foxworthy, the ballots were legal and were properly counted for him. The defendant, therefore, having received a majority of all the legal votes cast, was duly elected.

JUDGMENT ACCORDINGLY.

THE other judges concur.