PRESCOTT E. POWERS, APPELLEE, v. MABEL P. NORTON ET
AL., APPELLANTS.[*]

FILED SEPTEMBER 27, 1919.   No. 20355.

Specific Performance: PAROL CONTRACT; EVIDENCE.   An action for the
specific performance of an oral contract for the conveyance of
land will not lie, unless the proof is clear, satisfactory and un-
equivocal that the contract was made and substantially performed
by the party seeking its enforcement.

APPEAL from the district court for Adams county:
WILLIAM C. DORSEY, JUDGE. *Reversed and dismissed.*

*Ragan & Addie* and *C. C. Flansburg*, for appellants.

*Charles E. Bruckman* and *Fred G. Johnson*, contra.

DEAN, J.

Carra Powers, unmarried, died in Adams county De-
cember 1, 1916, being then the owner of a small amount
of personal property, not in controversy here, and 80
acres of land. Her mother, Mrs. Jannette Powers, and
a brother and sister, namely, Prescott Powers and Mrs.
Mabel Norton, survived her. Three days before her
death she made a nuncupative will that purported to
give, not only her personal property, but also the land
to her sister on condition that she take care of her
mother during her life. The nuncupative will was pro-
bated, but, being ineffective to pass the title, the land
descended to her mother under the statute. Soon there-
after Mrs. Powers conveyed the title to her daughter,
with whom she now makes her home.

Prescott Powers began this suit to compel specific
performance of a verbal contract, alleged to have been
entered into between him and his sister Carra nearly 18
years before she died, and that he says was fully per-
formed on his part, and wherein it was provided that

*First heard before commission and affirmed. No opinion.

her land should upon her death become his sole property, in consideration of his remaining at home and caring for her and her mother. Plaintiff also prayed that the deed of his mother to Mrs. Norton be canceled and that the title be quieted in him. The plaintiff prevailed, and defendants appealed. This case was formerly heard by the commission on appeal, and the judgment of the trial court was affirmed. The case is now before us on a motion for rehearing.

Carra was a cripple, but with her mothers's aid she did a good deal of housework. She was an accomplished seamstress and earned considerable money sewing for others. During the time material to this inquiry she attended to her own business affairs for the most part, collecting the land rent and the like, although for a part of the time she leased her land to her brother.

Plaintiff attempted but failed to show that he paid out considerable sums of money for the care and support of his sister and mother. No good purpose would be served by an extended review of the record on this point. Because of plaintiff's negligence and lack of ordinary business ability it appears that he lost, not only an 80-acre tract of land that he owned, but he was the cause of his mother losing an 80-acre tract that she owned, and on which the family lived, and it appears that he became very much displeased because Carra refused to involve her land and pledge it to the payment of his debts.

There is some testimony tending to show that plaintiff and his sister had some talk respecting the subject of this suit. But there is an entire absence of evidence to show that the minds of the parties met, and that they entered into a clearly defined agreement. The record does not disclose what Carra's intentions were, and it fails to show what services plaintiff was to perform for her. Nor is the time of performance definitely fixed. The evidence adduced by plaintiff on these points is vague, uncertain and unsatisfactory. It fails utterly to

come within the rule that is required in this class of cases, namely, that the proof relied on to establish the contract must be clear, satisfactory and unequivocal. *Damkroeger v. James*, 95 Neb. 784.

A large number of witnesses were called by plaintiff, from whose testimony it appears that he did nothing more for his sister nor about the home than would reasonably be expected from a brother who lived with a mother and a sister under like circumstances. They testified generally that he carried in water and fuel, and helped his sister into the family carriage when she would go away and to alight when she returned, and that he sometimes accompanied her to town. His mother and other witnesses testified that he was unkind to his sister. During all this time Carra and her mother lived and maintained the home on the 80-acre farm, formerly owned by Mrs. Powers, that joined the land in suit. Plaintiff, being a single man and without a home of his own, lived with them there until within two or three years before his sister died, when he married and with his wife moved to Hastings, 22 miles distant. Except for occasional visits thereafter, he left his aged mother and crippled sister alone on the farm.

It is not sufficiently proved that a definite contract was entered into. Our former judgment is therefore vacated, the judgment of the district court is reversed and the suit dismissed.

REVERSED AND DISMISSED.