GEORGE M. YOUNG, APPELLANT, V. RACHEL E. GILLEN ET AL., EXECUTORS, APPELLEES.

FILED APRIL 11, 1922.   No. 21971.

1. **Wills:** DEVISE: ORAL CONTRACT. An oral contract for the devise of land must be clear, definite, certain and unequivocal.

2. ———: ———: ———: PROOF. A contract for the devise of land must not only be proved clearly and satisfactorily, but all the evidence used in connection therewith must be referable thereto.

3. ———: ———: ———: SUFFICIENCY OF EVIDENCE. Evidence examined, and *held* not to establish the existence of an oral contract between the appellant and his grandfather by the terms of which certain land was to be given by will or otherwise to the appellant upon the death of his said grandparent.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Burton & Reddish,* for appellant.

*Mitchell & Gantz, contra.*

Heard before MORRISSEY, C. J., DEAN, ALDRICH and FLANSBURG, JJ.

ALDRICH, J.

On January 3, 1920, George W. Loer died leaving as his sole heirs at law his widow, Lydia Loer, and two daugthers, Rachel E. Gillen and Lavina Pierce. He left a will, which was admitted to probate, by the terms of which he devised and bequeathed all of his property to his widow, except the sum of $1,000 to each of his daughters. The executors of the will are Rachel E. Gillen, James V. Potmesil, Frank L. Potmesil and William Mitchell. The appellees in this case, who are defendants in the court below, are said heirs, devisees, legatees and executors, and also Edgar Pierce, husband of Lavina Pierce, and Mr. Gillen, who was the husband of Rachel E. Gillen at the time this action was tried. At the time of his death George W. Loer owned a tract of 1,120 acres in Box Butte county, about 6 miles southwest of Hemingford. A part of this land is described as the west one-half of section 7, township 26 north, range 49 west of the sixth P. M.

In the year 1912 the appellant, hereinafter termed the plaintiff, filed on a government homestead of 640 acres in Garden county, Nebraska, which he occupied until about March 1, 1914, and which he relinquished on July 28, 1914.

The plaintiff, who was a grandson of George W. Loer, commenced this action to enforce specific performance of a parol contract which he alleges was made and entered into between himself and George W. Loer in February, 1914, by the terms of which he agreed to give up and abandon his homestead and operate and manage Loer's farm until Loer's death, and in consideration thereof Loer agreed to give plaintiff a share of the crops and convey to plaintiff, at the time of his death, by will or otherwise, that part of said farm specifically described as the west one-half of section 7, township 26 north, range 49 west of the sixth P. M., in Box Butte county, Nebraska. The plaintiff alleges as a matter of fact that he has performed all of the conditions for him to execute, but that Loer failed to convey said half section of land to him by will or otherwise, as he agreed.

The appellees, hereinafter termed the defendants, by their answer admit all the material allegations of plaintiff's petition, except that they deny that any such contract alleged and set forth was ever entered into, and claim that plaintiff operated said land solely under a lease. The defendants made certain other affirmative allegations, to all of which the plaintiff replied.

The issues were submitted for trial upon plaintiff's petition, defendants' answer, and plaintiff's reply, the sole question being whether such a contract was made and whether plaintiff performed his part of it. Upon these issues the verdict was in favor of defendants.

Under this issue of fact as stated, the only question is: Has the plaintiff complied, as a condition precedent, with the rule of law as laid down by this court and in many other jurisdictions? In other words, has he proved, in a clear and satisfactory manner, with definiteness and certainty, the contract which he alleged and set forth in the petition? Is it certain to what land he refers? In late years there has been a careless, indefinite and loose manner of referring to contracts made between a person since deceased and others living. This court has established a

different rule from that which plaintiff cites and argues.

The contract presented in this case to be enforceable in equity must have the element of certainty, and the proof to establish the contract must be clear, convincing, unequivocal and satisfactory. Hence, we have adhered to the rule in the following cases: *Remaly v. Sweet*, 106 Neb. 327; *Overlander v. Ware*, 102 Neb. 216; *Moore v. Moore*, 58 Neb. 268; *Peterson v. Estate of Bauer*, 76 Neb. 652.

It will be noted that this rule is adhered to, not only in this jurisdiction, but in many others as well. It is the only safe rule to follow in cases of this kind, even though at times it might work a hardship. The rule is that the courts recognize the right of a testator to dispose of his property as he sees fit. He may have some peculiar and potent reason for disposing of his property as he has done by will or otherwise. We feel in this case that it is our duty to recognize this rule and decide the case, adhering to it, for that is undoubtedly the law.

The rule as laid down in *Overlander v. Ware*, 102 Neb. 216, is: "In an action for specific performance of an oral agreement with a deceased person to convey land, *held*, that not only must the terms of the contract be established by evidence that is clear, satisfactory and unequivocal, but the work constituting the performance required under the statute of frauds must be such as is referable solely to the contract sought to be enforced, and not such as might reasonably be referable to some other and different contract or relation. Nothing will be considered as part performance which does not put the party into a situation which is a fraud upon him unless the agreement be fully performed. Equity interferes only to prevent fraud or unconscionable advantage."

This case is precisely in point, and the quotation elucidates and amplifies and does justice to the case under consideration, and we adhere to it.

Here we want to be noted as holding that the contract in the petition is indefinite, vague and uncertain, and defeats the intention of the testator and cannot be permitted

to stand. The evidence is held to be not sufficient to sustain a finding for the plaintiff that any land was specifically contracted for. In the case of *Moore v. Moore,* 58 Neb. 268, this idea is upheld. We also wish to call attention to the case of *Davis v. Murphy,* 105 Neb. 839. It will be noted that this case upholds the following principle which is in point in the matter under consideration: "A parol contract is enforceable in a court of equity when one party has wholly performed his part and the other party has not performed his part, when it clearly appears that nonfulfilment would work a fraud upon the party who has fully performed." It should be remembered in connection with this discussion that in a suit for specific performance equity withholds or grants relief according to the circumstances of each particular case. We have recognized this doctrine in many cases. This is made plain in the case of *Kofka v. Rosicky,* 41 Neb. 328, 25 L. R. A. 207, 43 Am. St. Rep. 685. This clearly establishes the doctrine we have above announced and makes our duty plain in the consideration of the case at hand. Also, as substantiating the doctrine above cited, see *Dicken v. McKinley,* 163 Ill. 318; *Peterson v. Estate of Bauer,* 76 Neb. 652.

The testimony of Howard Young and the witness Mrs. Vaughn comes very near establishing the rule we have laid down as requiring what is necessary, but it will be noted that the contract alleged in appellant's petition was never entered into between appellant and Mr. Loer. It is a notable fact that the appellant moved onto the Loer place in 1919, and rented the land from March 1, 1920, to March 1, 1921, for a cash rent. There is not a word of evidence that the appellant ever told anyone about the contract claimed to have been entered into in this case.

Another strange and phenomenal circumstance that impresses us as important is that there is not a word of evidence that Mrs. Loer ever heard of said contract. Another notable fact we call attention to is that, when Mrs. Loer left the farm and moved to Hemingford in the fall of 1914 or 1915, nothing was ever said about their leaving the farm

at the time the alleged contract was made. It was under-
stood' that he would remain there. It is significant that
the home of the deceased and his wife had been on the
land plaintiff claims, and it is significant that the de-
ceased did the natural thing and performed his duty as
he ought to perform it when he gave his aged wife, Mrs.
Loer, his real estate that he then owned, and to each of his
daughters, $1,000. Then in this connection there is the
notable fact that appellant never expended any money or
improved Loer's farm after he moved on the same in 1914.
He never at any time filed any claim for damages against
Mr. Loer for violation of his said alleged contract. The
testimony of Mrs. Vaughn comes very near meeting the
requirements of this situation, but it is bad for being
vague, indefinite and uncertain, and in no way refers to
the contract set forth in the petition and fails to be of
force and effect for that purpose.

For the reasons set forth in this discussion and substan-
tiated by the supreme court of this state in several well-
considered cases, we must assert that the appellees are
entitled to an affirmance.

AFFIRMED.