LILLIAN T. TAYLOR, APPELLEE, V. MARGUERITE T. CLARK
ET AL., APPELLANTS.

10 N. W. (2d) 495

FILED JULY 9, 1943.   No. 31553.

*Peterson & Devoe* and *John Jacobson,* for appellants.

*Stewart, Stewart & Whitworth, contra.*

*Davis & Vogeltanz, Herman Ginsburg* and *Cline, Williams & Wright, amici curiæ.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

PAINE, J.

This is a suit in equity by Lillian T. Taylor, plaintiff, widow of Ira F. Taylor, deceased, for the specific performance of an oral contract made by her with her husband in his lifetime, under the terms of which the said Ira F. Taylor was to convey an apartment house in Lincoln to the plaintiff. The district court entered a decree for the plaintiff, and directed the specific performance of the agreement. Supersedeas bond fixed in the sum of $1,000, and each of the defendants appealed.

Plaintiff's amended petition in equity alleged that she was married to Ira F. Taylor on June 5, 1929, and lived with him until his death on July 24, 1941; and sometime prior to February 28, 1938, Ira F. Taylor commenced remodeling an apartment building at 219 South Fifteenth street in Lincoln, and a short time prior to said date desired to obtain a loan on the property to secure additional money for such remodeling; that on the above date he entered into a verbal agreement with plaintiff to convey to her such property if she would sign a note for $3,300 to First Federal Savings & Loan Association, and would sign a mortgage and assignment of rents covering such property to the First Federal Savings & Loan Association, securing such note, it being a part of such agreement that the income from the property should be used for the payment of interest and principal on such loan and taxes, repairs and maintenance of such property, and after the loan was paid the income not required for such purposes should be plaintiff's, but would be used by her for the living expenses of Ira F. Taylor and plaintiff during his lifetime. It is alleged that on February 28, 1938, plaintiff signed such note, mortgage and assignment of rents, but that Ira F. Taylor failed to execute a conveyance of the property to plaintiff, as he had agreed to do. Ira F. Taylor was killed in an automobile accident in New Jersey on July 24, 1941. He left no last will and testament.

Plaintiff further alleges that defendant Marguerite T. Clark claims to be the owner of an undivided three-fourths interest in his property as his child by a prior marriage. In order to vest the entire record title to such property in plaintiff by reason of the aforesaid agreement, plaintiff has requested defendant Clark to execute and deliver to plaintiff a proper conveyance of her record interest in such property, but defendant Clark has failed and neglected to comply with such request. It is alleged that the Continental National Bank of Lincoln is administrator of the estate of Ira F. Taylor, deceased, and as such administrator is in possession of the aforesaid property and has been receiving the income therefrom, and should be required to apply such income as provided by the above described agreement, or to account to plaintiff therefor.

Plaintiff prays that defendant Clark be ordered to execute and deliver to plaintiff a proper conveyance of said property, or in the alternative that the title of plaintiff to the entire fee title to such property be quieted and confirmed in her, and that defendant, the Continental National Bank of Lincoln, as administrator, be required to apply all income from the property according to said agreement, or to account to plaintiff therefor, and for other relief.

Thereafter, objections to jurisdiction and a plea in abatement were filed by the Continental National Bank as administrator of Ira F. Taylor's estate, alleging among other things that the plaintiff's amended petition undertakes to invade the province of the county court, and asking that said action be abated and dismissed. Said objections were overruled, as were demurrers by each of the defendants.

Thereafter defendant Marguerite T. Clark filed an amended answer, admitting that Ira F. Taylor died intestate July 24, 1941, leaving as one of his heirs at law the answering defendant, she being his only child and the issue of a marriage between said Taylor and the mother of defendant prior to the marriage of the said Taylor to the plaintiff, and that at all times mentioned in the petition Taylor was the owner of the property described, and that upon his death a

three-fourths interest therein descended to the answering defendant, and that she is now the owner and holder thereof, subject to the payment of claims, debts and expenses of the administration of said estate; that the Continental National Bank of Lincoln is the duly qualified and acting administrator of said estate, and as such is in possession of the property and receiving the income therefrom.

Defendant admits that on February 28, 1938, plaintiff signed a note for $3,300 to First Federal Savings & Loan Association and a mortgage of and assignment of rents therefrom, but alleges that such signing and execution of said documents were not pursuant to any agreement set forth in plaintiff's petition, did not bind her separate estate to pay said note or any part thereof, and said documents were only for the purpose of waiving any rights she might otherwise have in and to said property in the event that said note was not paid, and only to enable said Taylor to obtain money to pay off debts and taxes owing by him which were about to ripen into liens against said property, and only to preserve any inchoate interest she might have therein as his spouse.

Defendant expressly denies that plaintiff and said Ira F. Taylor ever entered into any agreement or contract as alleged in plaintiff's amended petition, and alleges that had any such contract as alleged by plaintiff been entered into by the said Taylor the said contract would at all times have been, and would now be, without consideration, in effect an agreement to convey real estate wholly void and unenforceable under the laws of Nebraska, and particularly under section 36-202, Comp. St. 1929.

Defendant further alleges that, assuming that any agreement was entered into as alleged by plaintiff, which defendant denies, plaintiff at all times failed and neglected to make any claim of right thereunder against the said Taylor, or to demand performance by him, but at all times until long after his death acquiesced in the title and possession of the said Taylor in and to said property, and waived any rights she may have claimed under any such contract until by the

death of Taylor, and the inability to produce him as a witness to rebut the claims of plaintiff and the loss and death of other witnesses, the conditions had changed to an extent to which it would be inequitable for her to make such claims, and she should be estopped to assert any right in said property by reason of the alleged agreement. Defendant finally alleges that plaintiff has an adequate remedy at law upon any claim alleged in her petition, and denies every allegation not specifically admitted, and prays that said amended petition may be dismissed.

The Continental National Bank of Lincoln filed answer as administrator of the estate of Ira F. Taylor, deceased, admitting that the record title to the building at 219 South Fifteenth street was in Ira F. Taylor, who died July 24, 1941; admitting that as such administrator it is in possession of the said property, and has been receiving the income therefrom; that the principal assets of the estate consisted of the apartment properties at 219 South Fifteenth street and at 944 H street, and the household furniture therein; also the premises occupied by decedent as his home at 1514 Washington street, which property, together with the fixtures and furniture therein, is in the possession of and occupied by plaintiff; that all of the real estate of decedent is encumbered by mortgage. Defendant bank alleges that the said apartment properties have since the death of Ira F. Taylor constituted the only income-producing assets of the estate; that decedent had only about $50 in cash at the time of his death, and had no property producing income, or which could be converted into cash, other than the said property. Defendant prays that it be dismissed from said action.

Plaintiff's reply, aside from a general denial, alleges that she fully performed her part of the said agreement of February 28, 1938, and has at all times since said date relied upon such agreement and the performance thereof by said Ira F. Taylor, and that the benefits accruing to deceased from such performance on her part were retained by him to the time of his death, and that by reason thereof defend-

ants are estopped to question the validity of such agreement or to assert any right or claim in or to said property. For further reply plaintiff denies that the assets of the estate, exclusive of the property which Ira F. Taylor agreed to convey to plaintiff, are insufficient to pay all of the debts and reasonable expenses of the administration of his estate, but that if the court finds otherwise plaintiff offers to subordinate her claim for unpaid widow's allowance and statutory allowance to those of any creditors whose claims are duly allowed against such estate.

The decree of the court is very long, and entered findings in detail on all of the issues. Briefly, the court found for the plaintiff and against each of the defendants, and entered decree for plaintiff as prayed, finding that the agreement alleged by plaintiff was valid and enforceable and plaintiff was entitled to the specific performance thereof.

The motions of defendants for new trial each set out some 25 alleged errors of the trial court, which are covered in 16 assignments of error, but in the brief and argument the discussion was limited to the five propositions of law which embody the defendants' principal contentions for reversal. These propositions of law are as follows:

(1) Specific performance of an oral contract to convey land or an interest in land will not be granted unless the acts performed by the promisee, in themselves, unequivocally indicate the existence of such contract relating to the subject-matter in dispute and are acts referable solely to the contract alleged and such as would not have been done except with a view to the performance of the contract and cannot be accounted for on any other reasonable hypothesis.

(2) In order to warrant the specific enforcement of a parol agreement for the sale and conveyance of land on the ground of part performance, the contract, with all its essential terms, must be established by evidence which is clear, convincing, definite, unequivocal, and free from ambiguity.

(3) Acts relied upon as part performance of a parol contract for the conveyance of land must be such as change

the plaintiff's position and which would result in a fraud or injustice upon him if the contract were not enforced.

(4) Acts relied upon to take an oral contract for the conveyance of land out of the operation of the statute of frauds must be such that the plaintiff could not be fully and adequately compensated at law by a recovery of damages or otherwise.

(5) Payment or delivery in full of the consideration is not part performance of an oral contract to convey land which will suffice to take it out of the statute of frauds.

The evidence of the many witnesses found in the bill of exceptions has been carefully considered, but cannot be abstracted in this opinion.

The plaintiff had two daughters, aged 12 and 13 years, when she married the deceased on June 5, 1929. On this date the defendant Marguerite T. Clark, the only daughter by deceased's first marriage, was living with her husband, O. B. Clark, in their home in Lincoln, and was appointed and served as special administratrix for the first three months following the death of her father.

In 1932 deceased obtained a loan on his H street property, with which to remodel the same. In 1937 he secured a loan of $2,500 on his Washington street property to assist in remodeling operations. In February, 1938, the deceased needed additional funds, and asked plaintiff to sign the necessary papers to secure $3,300 to pay county taxes, $542.33, city taxes, $347.29, plumbing bill, $960.89, lumber and planing mill bills of $981.94, electrician's bills of $295.16, and smaller bills, amounting to a total sum of $3,300. The whole plan of deceased for remodeling would be jeopardized unless he secured the money to meet these bills which were pressing for payment, and the plaintiff was not very keen about signing papers for this third loan.

The plaintiff and deceased discussed this matter on several occasions, and finally he entered into an oral agreement with his wife that he would convey to her the Fifteenth street apartment if she would sign a note and mortgage for this $3,300 and the assignment of the rents as additional

security, and the plaintiff also specifically bound her separate estate and her own property of every kind to the payment thereof. It was also further agreed between them on this 28th day of February, 1938, that the income should be used to pay off the loan, taxes, and repairs, and the balance should belong to plaintiff, but would be used for living expenses of herself and her husband. These terms were reached after at least a half dozen conversations between the principals and other parties. It was not a secret matter; it was in no sense a gift, for the deceased in all his conversations referred to it as an agreement with his wife. The papers were signed, the money secured from the First Federal Savings & Loan Association, and the bills were at once paid off with the funds thus secured.

Immediately after the plaintiff and her husband entered into this verbal agreement, Taylor went to the office of Edward H. Schroeder, who conducted a real estate and insurance business in Lincoln, and told Schroeder that he wanted a deed prepared, conveying the Fifteenth street property to plaintiff, and asked him to prepare such a deed. Schroeder told Taylor his stenographer was out, but that he would prepare the deed, and Taylor said he would return in a short time and sign the deed. Taylor left with Schroeder the deed which he had received to the property so that he might get the correct description from it, and Taylor paid Schroeder for preparing the deed and taking his acknowledgment thereto. Taylor did not return to sign the deed. Schroeder put the deeds in his safe and forgot about them until he discovered them in his safe after Taylor's death.

The evidence discloses that plaintiff suggested to Taylor that the deed which he agreed to execute should not be recorded, but should be placed in a safety deposit box, to which they both had access, and be recorded after the loan on the property was paid. Plaintiff did not know until after Taylor's death that such deed had not been executed as agreed and placed in the safety deposit box. Taylor did not, at any time after the agreement, say anything indicat-

ing that he had not complied with his agreement to execute the deed, or that he would not comply, or that he had changed his mind, but on the contrary on numerous occasions made statements showing that he recognized that the agreement was in full force and effect, and was to be fully carried out.

The testimony shows that the agreement was valid, with adequate consideration therefor. The plaintiff has at all times relied upon said agreement, and the deceased retained all benefits therefrom up to his death, therefore the defendants are estopped to question plaintiff's right to enforce such agreement.

The evidence shows that, when this agreement was entered into, the plaintiff was 47 years of age and deceased 69 years old. The testimony discloses that the plaintiff was a good business woman, having been employed by the First Trust Company for eight years and for the last five years as superintendent of its safety deposit vaults. After she married the deceased, he took his insurance business away from witness Schroeder and placed it with the First Trust Company.

The defendants cite many cases to support their contentions, such as *Overlander v. Ware*, 102 Neb. 216, 166 N. W. 611, in which it was found that no contract had been made to convey more than 80 acres, and the first paragraph of the syllabus reads as follows: "In an action for specific performance of an oral agreement with a deceased person to convey land, *held*, that not only must the terms of the contract be established by evidence that is clear, satisfactory and unequivocal, but the work constituting the performance required under the statute of frauds must be such as is referable solely to the contract sought to be enforced, and not such as might reasonably be referable to some other and different contract or relation. Nothing will be considered as part performance which does not put the party into a situation which is a fraud upon him unless the agreement be fully performed. Equity interferes only to prevent fraud or unconscionable advantage."

Judge Cornish, in writing the opinion, discusses the evidence and shows that deceased was on good terms with all his relatives, but that the testimony was more or less indistinct and inconsistent with the existence of a contract to convey all the property claimed by John L. Clark; that it never amounted to direct proof of the facts alleged.

In the case of *Hunt v. Lipp,* 30 Neb. 469, 45 N. W. 632, cited by defendants, we have a case originally brought to quiet title to a lot in Omaha. On page 485 there is a long quotation from Pomeroy, Contracts, sec. 107, to the effect that to warrant the court in enforcing a verbal contract by specific performance the agreement itself must be proved, and then the acts of part performance necessary to take it out of the statute of frauds.

Defendants also cite other Nebraska cases holding that specific performance will not lie unless the proof is clear, convincing, satisfactory, and unequivocal that the contract was made and substantially performed by the parties seeking its enforcement. See *Remaly v. Sweet,* 106 Neb. 327, 183 N. W. 663; *Sower v. Wells,* 111 Neb. 334, 196 N. W. 693; *Smith v. Raubach,* 121 Neb. 703, 238 N. W. 314; *Ward v. Hislop,* 122 Neb. 15, 238 N. W. 769; *Goodlett v. Banning,* 127 Neb. 325, 255 N. W. 9; *Petersen v. Hitchcock,* 128 Neb. 381, 258 N. W. 669; *Rau v. Rau,* 79 Neb. 694, 113 N. W. 174; *Young v. Gillen,* 108 Neb. 311, 187 N. W. 900.

The defendants set out a discussion of the case of *Goodwin v. Freadrich,* 135 Neb. 203, 280 N. W. 917, in which the trial court was reversed, and it was held that the evidence was insufficient to establish an oral contract between Charles H. Freadrich and Edith Freadrich, in consideration of which he promised to leave at his death his entire estate to the daughter, then seven years of age, excepting what his wife would receive under the law. This oral contract was alleged to have been made January 15, 1912.

Judge Eberly in writing the opinion quoted Felix Arnold, a noted psychologist, to the effect that one ordinarily forgets four-fifths of all new matter within a month, and that it was more than 25 years before the trial when this conver-

sation took place. He also says the conversation lacks the certainty and definiteness to constitute a binding contract, and in the last page of the opinion says that the evidence fails to show that Charles H. Freadrich was in Galesburg, Illinois; between January 12 and 16, 1912, and therefore plaintiff has failed to establish the allegations of her petition by evidence clear, convincing and unequivocal.

We will now consider the citations in opposition to the position of the defendants. In the chapter on statute of frauds, it is said: "Nothing in this chapter contained shall be construed to abridge the powers of the court of equity to compel the specific performance of agreements in cases of part performance." Comp. St. 1929, sec. 36-106. See *Mack v. Swanson,* 140 Neb. 295, 299 N. W. 543.

In the case at bar, the full performance by plaintiff of her part of the agreement is sufficient to render the statute of frauds inapplicable, and nonfulfilment of the agreement would be a fraud upon plaintiff in depriving her of the apartment which it was agreed she should have, for the law is that, where an oral contract has been performed by one party, and he cannot be placed *in statu quo* by an award of damages which would furnish full compensation, equity will afford a remedy by specific performance. See annotation, 69 A. L. R. 14, and 106 A. L. R. 744.

This court has held in two rather recent cases that "Equity will grant specific performance of a parol contract to leave property to another, where the terms of the contract are established by evidence that is clear, convincing' and satisfactory, and where it has been wholly performed by one party and its nonfulfilment would amount to a fraud on that party." *Craig v. Seebecker,* 135 Neb. 221, 280 N. W. 913, opinion written by Judge Carter, and *Lennox v. Anderson,* 140 Neb. 748, 1 N. W. (2d) 912, opinion written by Judge Messmore.

The plaintiff contends that there was a full performance of the contract in the case at bar, and that the deceased accepted all the benefits in his lifetime, and that by his retaining those benefits the defendants are now estopped.

*Jorgensen v. Crandell,* 134 Neb. 33, 277 N. W. 785; 20 Neb. Law Review, 191; *Harbine Bank of Fairbury v. McCune,* 131 Neb. 419, 268 N. W. 358.

The court, after a careful examination of the bill of exceptions, believes there is no evidence which disputes the making of this contract, established by the several witnesses, and entirely corroborated by other clear and convincing evidence.

The evidence does not show a gift of the property to plaintiff, but the testimony sets out statements of the conversations where Taylor said that he had agreed to do this exact thing and deed the property to her. The law is clear that performance in full of the agreement takes it out of the statute of frauds. Plaintiff did everything on her part; she signed all of the loan papers to pay off debts owed by her husband, and the fact that the income has been sufficient so that she has not had to pay the obligations is not important.

It is the opinion of the court that there was sufficient testimony to sustain this oral agreement, and the findings of the trial court are supported by the evidence. The plaintiff, by signing the note and mortgage for $3,300, specifically bound her own estate and her own property of every kind to the payment thereof, and the evidence shows that at that time she had a separate estate of her own of substantial value.

Finding no error in the decree of the district court, the same is hereby affirmed.

AFFIRMED.

The following opinion on motion for rehearing was filed March 10, 1944.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

YEAGER, J.

This action was before this court previously and in it an opinion was released which appears, *ante,* p. 552, 10 N. W. (2d) 495. The principles upon which the former opinion is based having been challenged by motion for rehearing it now appears necessary to make a reexamination of the case and to render another opinion.

The action is by Lillian T. Taylor, plaintiff, and widow of Ira F. Taylor, deceased, against Marguerite T. Clark, daughter and only heir of Ira F. Taylor, deceased, except

the plaintiff, and the Continental National Bank of Lincoln, administrator of the estate of said Ira F. Taylor, defendants. The action is in equity to compel specific performance of an oral contract claimed to have been entered into by and between the plaintiff and Ira F. Taylor by the terms of which said Ira F. Taylor in his lifetime agreed to convey to plaintiff certain real estate in Lincoln, Lancaster county, Nebraska. From a decree granting specific performance in favor of the plaintiff, defendants have appealed.

In her petition, to the extent necessary to refer to it here, the plaintiff substantially alleged that she was married to Ira F. Taylor June 5, 1929, and that she lived with him as his wife until his death which occurred on July 24, 1941; that Ira F. Taylor in his lifetime was the owner of the south 47 feet of lot 1, block 64, in the city of Lincoln, Lancaster county, Nebraska, otherwise known as 219 South Fifteenth street, and the building situated thereon; that on or about February 28, 1938, plaintiff and Ira F. Taylor, her husband, entered into an oral contract whereby in consideration of plaintiff joining with her husband in the execution of a note and mortgage encumbering the said real estate in the amount of $3,300 he, the said husband, would transfer title thereto to the plaintiff; that plaintiff in performance of the oral agreement joined in the execution of the note and mortgage whereby the real estate was encumbered; that during his lifetime no such transfer was ever made; that Ira F. Taylor died intestate leaving as his heirs at law the plaintiff and the defendant, Clark; that this real estate was not a homestead; that as heirs of Ira F. Taylor, and subject to the oral contract, plaintiff was entitled to a one-fourth interest in the real estate in question and the defendant, Clark, was entitled to a three-fourths interest, as daughter and heir by a former marriage; that demand was made that defendant, Clark, execute a transfer of title to said real estate to plaintiff, with which demand the said defendant has failed and refused to comply.

The prayer is that the defendant, Clark, be ordered to execute and deliver a proper conveyance of title to plaintiff,

or in the alternative that title be quieted and confirmed in plaintiff. The prayer as to the adminstrator is that it be required to apply the proceeds from this real estate to the purposes of the alleged oral contract. That portion of the petition dealing with this subject and the related portion of the prayer need not be discussed since, in the light of the attitude taken herein, they have no bearing on the decision of the case.

In her answer to the petition the defendant, Clark, claimed ownership of a three-fourths interest in the real estate as heir of the deceased Ira F. Taylor; she admitted the execution of the note and mortgage but denies the alleged oral contract; she says that if any such contract was entered into it was without consideration and was void and unenforceable for the reason that it was in violation of the statute of frauds; she says further that if plaintiff had any rights under the alleged agreement she has waived any right to have them enforced.

The defendant, Continental National Bank, administrator, filed its answer setting up its capacity and relation to the estate and property and the condition of the estate and a denial of the allegations of the petition and prayed for a dismissal of the action.

By reply plaintiff renewed and reiterated the allegations of her petition, denied the allegations of the answers inconsistent with the allegations of the petition, and affirmatively alleged that the defendants were estopped to assert the invalidity of the contract.

The evidence sufficiently shows that in February, 1938, Ira F. Taylor required about $3,300 for remodeling the building on the premises in question and for the payment of due and delinquent taxes, also that plaintiff orally agreed to join with him in a note and mortgage encumbering the property to that extent and that as a part of the agreement Ira F. Taylor agreed, again orally, to execute a deed conveying title to the property to plaintiff. It appears also that it was agreed that the income from the property was to be used first for retirement of the indebtedness and go-

ing charges and the balance for the uses of the parties. It further sufficiently appears that on February 28, 1938, the note and mortgage agreed upon were duly executed and that on the same day Ira F. Taylor had a deed of conveyance drawn which was never executed.

The trial court, on the evidence thus briefly summarized, found that an oral contract for the conveyance of real estate had been established and decreed specific performance in accordance with the prayer of the petition.

For the purposes of this case weight of evidence is of little or no concern. The question of primary importance is that of whether or not, considering the facts outlined as true, an enforceable contract has been proved, it being the contention of defendants that the contract is unenforceable for the reason that it is in violation of the statute of frauds.

The sections of the statute which must be considered in the determination of this question are sections 36-103, 36-105 and 36-106, Comp. St. 1929, as follows:

Section 36-103. "No estate or interest in land, other than leases for a term of one year from the making thereof, nor any trust or power over or concerning lands, or in any manner relating, thereto, shall hereafter be created, granted, assigned, surrendered, or declared, unless by operation of law, or by deed of conveyance in writing, subscribed by the party creating, granting, assigning, surrendering or declaring the same."

Section 36-105. "Every contract for the leasing for a longer period than one year from the making thereof, or for the sale of any lands, shall be void unless the contract or some note or memorandum thereof be in writing and signed by the party by whom the lease or sale is to be made."

Section 36-106. "Nothing in this chapter contained shall be construed to abridge the powers of the court of equity to compel the specific performance of agreements in cases of part performance."

Beyond question there was no deed of conveyance within the meaning of section 36-103, nor was there a contract,

note or memorandum signed by Ira F. Taylor within the meaning of section 36-105. It follows therefore that to obtain specific performance plaintiff must prove part performance within the meaning of section 36-106. This the defendants contend the plaintiff has failed to do.

In this respect plaintiff contends that her compliance with the requirement that she join in the execution of the note and mortgage encumbering the real estate was part performance within the meaning of.the statute.

The defendants contend on the other hand that this cannot be considered as part performance within the meaning of the statute for several reasons. The first ground of their contention in this respect is that specific performance of an oral contract to convey real estate may not be decreed on the basis of part performance unless the acts of part performance by the promisee, in relation to the subject-matter, in and of themselves unequivocally indicate the existence of the contract alleged and cannot be accounted for on any other reasonable hypothesis, and that the alleged acts of performance in this case do not fulfill this essential requirement.

The rule contended for in this respect by defendants without doubt obtains in this jurisdiction as well as other jurisdictions and it finds substantial support in what are generally considered authoritative texts.

The rule of this jurisdiction is clearly stated in *Overlander v. Ware,* 102 Neb. 216, 166 N. W. 611, in the following: "In considering cases of this character, where one is claiming the estate of a person deceased under an alleged oral contract, the evidence of such contract and the terms of it must be clear, satisfactory and unequivocal. Such contracts are on their face void as within the statute of frauds, because not in writing, and, even though proved by clear and satisfactory evidence, they are not enforceable unless there has•been such performance as the law requires. The thing done, constituting performance, must be such as is referable solely to the contract sought to be enforced, and not such as might be referable to some other and different contract

—something that the claimant would not have done unless on account of the agreement and with the direct view to its performance—so that nonperformance by the other party would amount to a fraud upon him." Other cases sustaining the rule are *Powers v. Norton,* 103 Neb. 761, 174 N. W. 223; *Remaly v. Sweet,* 106 Neb. 327, 183 N. W. 663; *Fischer v. Fischer,* 106 Neb. 477, 184 N. W. 116, 21 A. L. R. 306; *Young v. Gillen,* 108 Neb. 311, 187 N. W. 900; *Sower v. Wells,* 111 Neb. 334, 196 N. W. 693; *Goodlett v. Banning,* 127 Neb. 325, 255 N. W. 9. Cases from other jurisdictions adhering to this principle are *Harmonie Club v. Smirnow,* 106 Conn. 243, 137 Atl. 769; *Scheerer v. Scheerer,* 287 Mo. 92, 229 S. W. 192; *Meigs v. Morris,* 63 Ark. 100, 37 S. W. 302; *Mann v. Mann,* 159 Va. 240, 165 S. E. 522; *Thomas v. Francis,* 76 S. W. (2d) (Tex. Civ. App.) 575.

The rule announced in Pomeroy, Contracts, sec. 108, and quoted with approval in *Hunt v. Lipp,* 30 Neb. 469, 486, 45 N. W. 632, is the following: "He must first prove acts done by himself, or on his behalf, which point unmistakably to a contract between himself and the defendant, which cannot, in the ordinary course of human conduct, be accounted for in any other manner than as having been done in pursuance of a contract, and which would not have been done without an existing contract; * * * ."

Assuming then for present purposes the execution of the note and mortgage may be considered as part performance by plaintiff of the oral contract alleged we are called upon to determine under the rule whether or not this act in and of itself unaided by other evidence points unequivocally and without question to such a contract as is alleged in the petition and to no other reasonable hypothesis.

This is the theory upon which the determination of this question must be approached since before evidence is admissible in proof of the contract itself there must be evidence of performance, or part performance, referable unequivocally or as stated in *Hunt v. Lipp, supra,* unmistakably to the contract pleaded. See, also, *Young v. Gillen, supra; Overlander v. Ware, supra;* Pomeroy, Contracts, sec. 107; 101 A. L. R. 997.

The answer in the light of common knowledge of ordinary business relation is not difficult to find. We do not hesitate to say that this act of executing the note and mortgage does not exclude every other reasonable hypothesis and it may not reasonably be said that it could be referable only to the contract alleged. As illustrations, it could have been referable to a requirement by the mortgagee that the spouse of the holder of the title join in the execution of the instruments creating the encumbrance or it could be referable alone to a joint purpose and desire of Ira F. Taylor and his wife to bring about an improved condition of the real estate without regard to thought of conveyance of title thereto.

On this ground we are required to hold that the contract alleged is unenforceable.

Another contention of the defendants is that the joinder of plaintiff in the execution of the note and mortgage in question may not be considered as such part performance of an oral contract as would remove it from the operation of the statute of frauds and empower a court of equity to decree specific performance.

In this connection it may be noted that the note and mortgage obligated the makers to the payment of the secured indebtedness and in addition plaintiff bound her separate estate for the payment. The obligation of plaintiff was the possibility that she would be required to pay the obligation. We are unable to perceive any difference in principle in a committment to pay when and if required than the payment of the actual consideration of a contract.

This court has held that the payment in full of the consideration of an oral contract is not part performance which will take it out of the statute of frauds. *Bloomfield State Bank v. Miller*, 55 Neb. 243, 75 N. W. 569; *Riddell v. Riddell*, 70 Neb. 472, 97 N. W. 609; *Barkhurst v. Nevins*, 106 Neb. 33, 182 N. W. 563; *Herring v. Whitford*, 119 Neb. 725, 230 N. W. 665. See, also, Browne, Statute of Frauds (5th ed.) secs. 461-465; 58 C. J. 999. This rule has application in most jurisdictions and it is predicated on sound reason-

ing. In 58 C. J. 1001, it is stated: "Despite the almost universal recognition of the rule that payment alone is not sufficient part performance, the authorities are not agreed as to the basis upon which it rests. Thus by some courts it has been founded upon the view that payment is not an unequivocal act, or referable solely to the contract. A reason more commonly given is that where the only act in pursuance of the contract is payment the remedy at law is adequate, since it restores the promisee to the exact position he occupied before the payment, and nonperformance by the promisor accordingly does not work a fraud; * * * ." In 101 A. L. R. 1079, it is stated:

"It is well settled at the present day that the mere payment of the purchase money by the vendee, without other acts, is not generally sufficient as an act of part performance.

"The reason most frequently advanced why payment of the purchase money is not sufficient is that the money can be recovered back by action at law, and so no fraud or injustice will result to the vendee if the contract is not enforced."

The stated reasons underlying the rule appear particularly applicable in the case at bar. Under the evidence as to the amount of the obligation and the value of the real estate securing it there could be but a remote possibility that plaintiff would ever be called upon to make any payment thereon. Even if she were so called upon no reason suggests itself as to why she could not be made whole in an action at law.

We conclude that this second contention must also be resolved in favor of the defendants.

There are other assignments of error but they are included in or are subordinate to the two considered, hence no discussion of them is required.

For the reasons herein stated we have concluded that the former opinion is erroneous and that it should be and is vacated and set aside, also that the decree of the district court should be reversed and the action dismissed.

REVERSED AND DISMISSED.

PAINE, J., dissenting.   For the reasons stated in the first opinion adopted in this case and found, *ante*, p. 552, 10 N. W. (2d) 495, I respectfully dissent from this second opinion now adopted.